### BENJAMIN P. CARPENTER *v.* MICHAEL DOODY and DAVID DRADDY.

The surety of a constable upon his official bond is liable in damages for the constable's neglect to return an execution within the time required by statute.

The condition of such bond, that the constable "shall in all things well and faithfully perform and execute the duties of the office of constable, without fraud, deceit, or oppression," requires two things:—*First*, That he shall perform the duties of his office;—*Second*, That he shall do so without fraud, deceit, or oppression.   The former is for the benefit of the creditor, the latter for the protection of the debtor.   And in an action by the former upon the bond for the official neglect of the constable, *e. g.*, to return an execution within the requisite time, it is not necessary to show fraud, deceit, or oppression.

In such an action, a judgment previously recovered against the constable for the same neglect is *prima facie* evidence of the amount for which the surety is liable.

In an action against a constable for a neglect to return an execution, the plaintiff's damages are *prima facie* the amount of the execution; but the constable may show that the plaintiff has sustained no damage, or less than the full amount of the execution, and limit the recovery against himself accordingly.

The provisions of the Revised Statutes (2 R. S. p. 449, § 142, 4th ed.), rendering a constable liable in all cases in the amount of the execution, for a neglect to return the process within the required time, do not apply to constables in the city of New York.(*a*)

MOTION by plaintiff for judgment upon a case made.   This was an action against the defendant Michael Doody, as principal, and David Draddy, as surety, upon a bond given by the former as constable of the city of New York, for the faithful performance of his duty as such constable.   The condition of the bond was in these words:

---

(*a*) See *Brown* v. *Jones, ante,* page 204.

"Now the condition of this obligation is such, that if the above bounden Michael Doody shall in all things well and faithfully perform and execute the duties of the said office of constable without fraud, deceit, or oppression, then this obligation shall be. void; otherwise remain in full force and virtue."

On the 16th of January, 1859, the plaintiff recovered judgment against one William Perrine for the sum of $64.13 damages and costs in the Third District Court, and an execution was issued thereon, and delivered to the defendant Michael Doody. He neglected to return the execution within the time required by law, and an action was thereupon brought against him to recover damages therefor, and judgment was rendered against him in that action for $117.02 damages and costs. This judgment not having been paid, this action was brought against both defendants on the bond. The cause was tried before his honor Judge Daly without a jury, by whom judgment was rendered for the plaintiff for $120.67, the amount of the judgment against the defendant Doody, with interest, subject to the opinion of the court at general term, upon a case to be made by the plaintiff. On a case presenting these facts, the plaintiff now moved for judgment.

*W. C. Carpenter*, for the plaintiff.

I. A constable is liable for neglecting to return an execution within the time limited, and the party in whose favor such execution issued is entitled to recover against the constable, for such neglect, the amount required to be levied by him in virtue of such execution, and it is not necessary to show moneys collected by him to sustain the action.

II. The responsibility of the surety is co-extensive with the responsibility of the constable, and the surety is liable whenever the constable is liable to a party in whose favor an execution has been delivered to him. Laws rel. to City, p. 52; 2 R. S. p. 253, § 142–159 (4th ed.); *Gardner* v. *Jones*, 20 Johns. R. 356; Cowen's Tr. Part I, pp. 40 and 41 (2d ed.); *Sloan* v. *Case*, 10

Wend. 370; *Skillinger* v. *Gender*, 12 ibid. 306; *People* v. *Schuyler*, 4 Com. 173.

III. The bond given by the defendant Doody is sufficiently broad to cover the present case. It is intended to cover all his acts done under color of process, and covers nonfeasance as well as misfeasance.

*John Graham*, for the defendant David Draddy.

I. The defendant Doody was not liable to the plaintiff in damages for his failure to return the execution. § 142 of 2 R. S. p. 449 (4th ed.) relates exclusively to constables out of the city of New York.

II. Supposing him, however, to have been liable, it does not necessarily follow that his surety is also. For the latter is on the bond liable only for such misconduct or neglect of the constable as is tainted with fraud, deceit, or oppression. There was no evidence here of either, nor any charge of anything except a technical failure to return the execution within the twenty days fixed by statute.

INGRAHAM, FIRST JUDGE.—The plaintiff recovered a judgment against Doody, a constable, for not returning an execution delivered to him. He now sues on the official bond to recover the amount of such judgment from the surety.

The constable is liable for any neglect in the discharge of his duties; and where the statute imposes on him a duty (such as returning an execution within a given time) and he neglects to perform such duty, he is liable. It does not follow, however, that he is in all cases liable for the whole amount of an execution in a case where he neglects to return it. The provisions of the Revised Statutes on this subject, as applicable to justices' courts, do not apply to the courts in New York; and although *prima facie* the plaintiff's damages are presumed to be the amount of the execution, the constable, like the sheriff, might show that no damage or less than the full amount had been sustained, and limit the recovery thereto. The recovery against the constable

is *prima facie* evidence of the amount for which the surety is liable. In this case no evidence is given to contradict that presumption, and I conclude that to be the proper amount, if any liability of the surety exists therefor.

Is the surety liable for this neglect of the constable?

The condition of the bond is, " that he shall in all things well and faithfully perform and execute the duties of the office of constable, without fraud, deceit, or oppression." This condition requires two things—one, to perform the duties of the office, and, secondly, to perform such duties without fraud, deceit, or oppression; the first part intended for the protection of the creditor, the second for the protection of the debtor. The constable, if he faithfully perform the duties of his office in regard to an execution, would not incur any liability to the creditor, even if guilty of oppression towards the debtor. For such oppression the debtor has the cause of complaint.

The 149th section of the act (2 R. L. 1813, ch. 86), which provides for the taking of this bond, also provides that said bond may be put in suit, in case of any recovery for any default or misconduct in office. A default in office is a non-compliance with the statute in discharging any of the duties imposed. Fraud is not necessary to enable a party to recover for a default; but the mere neglect or omission to do an act or duty which the law imposes is a default on the part of the constable, for which he *is* liable.

The same questions which are discussed in this case were raised in *The People* v. *Brush* (6 Wendell, 456). In that case the officer was the sheriff, and the condition of his bond was the same as this. Mr. Justice Marcy says, " The condition of the bond may be broken without any positive act of fraud, deceit, or oppression." And again, " His neglect of duty is a breach of the bond, although it should not involve in it any positive act of fraud, deceit, or oppression."

The condition of the defendants' bond was sufficient to hold the defendants liable for any neglect of duty imposed by statute, whether such neglect was accompanied with fraud or not.

The statutes (Sess. Laws, 1837, ch. 461, and 1851, ch. 514) make the executions in these courts returnable at a certain period, and the neglect to return them is a default on the part of the officer, for which he and his sureties may be made liable.

The plaintiff is entitled to judgment.