THE PEOPLE *ex rel.* METCALF and others, Respondents, *v.*
JOHN DIKEMAN and others, impleaded, Appellants.

CODE OF PROCEDURE. SHERIFFS' SURETIES, EXTENT OF LIABILITY OF.
NOTICE, SERVICE OF. EVIDENCE. CASES COMPARED.

The essential question determined in this case is the liability of the sureties
of a sheriff, under section 202 of the Code, upon a judgment obtained
against him as bail for a party under arrest, in consequence of the
sheriff's neglect to justify bail under section 201 of the Code; and may
be stated as follows:

The liability of the sheriff, under section 201 of the Code, is an official and
not a personal liability, and under section 202, his sureties are liable for
any default of the sheriff as bail, incurred by him under the provisions
of section 201.

Incidental points determined in the case are:

    1. A notice is properly and duly served on the sheriff by leaving the
same, within the time required, with an under-sheriff in charge of the
office, the sheriff himself being absent — this is equivalent to a personal
service on the sheriff.

    2. In an action upon the official bond of a sheriff to collect a defi-
ciency of a judgment recovered against him as bail, evidence concern-
ing the insolvency of the principal is immaterial, and its exclusion not
error, for the reason that the sheriff is liable for the whole amount of
the judgment recovered against the principal debtor (not exceeding
the amount specified in the order of arrest), hence his sureties are
liable for the entire deficiency of the judgment. Such an action is
unlike that for an escape, where the recovery is restricted to the
damages actually sustained, and where evidence of the insolvency of
the party in arrest would be admissible upon the question of damages.

    3. No other proof is necessary to show that a judgment debtor did
not render himself amenable to the process of the court, than that an
execution against his person was issued, and returned, "not found."

The leading questions arising in this case, are governed by the decision in
*Metcalf* v. *Stryker* (31 N. Y. 255), cited in the opinions, which see.

APPEAL from judgment of Supreme Court affirming judg-
ment against the defendants. The action was brought upon
the official bond given by Stryker, as sheriff of the county of
Kings, and the other defendants, as his sureties, in the man-
ner and form required by statute, for the collection of the
deficiency of a judgment recovered by the relators against
Stryker, as bail of one Harriman; Stryker having become
liable as such by reason of his (Stryker) and Harriman's fail-

ure to justify bail, after notice of exception to the sureties upon the undertaking taken by Stryker, upon the arrest by him of Harriman upon an order of arrest made in an action brought by the relator against Harriman. The questions arising upon the exceptions, and the facts connected therewith, will be found in the opinion.

*Samuel Hand*, for the appellants.

I. The complaint does not state facts sufficient to constitute a cause of action against the defendants.

1. This action is upon the official bond of the sheriff; and therefore to recover, the plaintiff must necessarily show a breach or violation of its condition. That condition is as follows, as set out in the complaint : " That Stryker should well and faithfully in all things perform and execute the duties of the office of sheriff of the county of Kings, without fraud, deceit or oppression."

The section of the Code under which the relators bring this action provides that, " if judgment be recovered against the sheriff upon his liability as bail, and an execution thereon is returned unsatisfied in whole or in part," the same proceedings may be had on the official bond of the sheriff to collect the deficiency, as in other cases of delinquency." (Code, § 202.)

The Code also provides that the second part of it shall not affect proceedings upon the official bonds of sheriffs, except that the action, as to its form, is to be conducted according to the Code. The provisions of the Revised Statutes in regard to the prosecution of the official bonds of sheriffs, are left in force by the Code. (Code, §§ 471, 468.)

By the Revised Statutes it is provided that, " whenever the sheriff shall have become liable for the escape of any prisoner committed to his custody, or whenever he shall have been guilty of any default or misconduct in office, the party injured may apply for leave to prosecute his official bond. In such actions the same pleadings and proceedings shall be had as are provided by law in cases of suits upon

bonds with other conditions than for the payment of money."
(2 R. S. 476, 477, §§ 1, 4.)

By the provisions of the Revised Statutes, with reference
to actions upon bonds for the breach of any conditions other
than for the payment of money, it is required that the
specific breaches of the condition should be assigned. And
upon the trial, " if the jury find that any assignment of such
breaches is true, and that the plaintiff should recover dam-
ages therefor, they shall assess such damages and specify the
amount in their verdict," etc. (2 R. S. 378, §§ 5, 6.)

It is manifest that these statutory provisions render it
necessary that the relators in this action, should assign speci-
fically the breaches of the condition above recited, *i. e.*, that
the sheriff will well and faithfully execute the duties of the
office of sheriff without fraud, deceit or oppression, and if in
his complaint he fail to do so or state as breaches, acts or
omissions which are not breaches of that condition, his com-
plaint cannot be sustained.

II. An examination of the complaint in the light of the
statutory requirements reveals its radical insufficiency.

1. Of course the allegations that the relators had obtained
leave to sue the bond, and of the recovery of judgment
against Harriman and Stryker, and executions therein re-
turned unsatisfied, form no part of the cause of action. They
are mere preliminaries or statutory conditions precedent, the
former rendered necessary by the Revised Statutes, the lat-
ter by section 202 of the Code, before the action could be
brought.

The requirement of judgment and execution against the
sheriff upon his liability as bail, in section 202 of the Code,
surely creates no cause of action against him or his bail on
his official bond for misconduct in office, but merely pro-
hibits an action on his official bond, if the relators can be
first satisfied out of the sheriff's liability as bail — an entirely
independent liability, as will be shown.

The statute which makes the sheriff liable as bail, does
not make his sureties liable as bail, nor does it make himself
liable upon his official bond.

His liability, as bail under section 201, is entirely different from the liability created by his official bond for misconduct in office or "delinquency." (*Metcalf* v. *Stryker*, 31 N. Y. 256; *Sartis* v. *Marceques*, 9 How. Pr. 188; Code, § 201; see condition of bond, *supra*.)

2. The first distinct allegation of any breach in the complaint, therefore, is, that after the sheriff had served a copy of the defendant's undertaking upon the plaintiffs' attorneys in the Harriman suit, and they had served notice upon him that they did not accept the bail, he gave no notice of further justification of that or other bail, "as required by law."

It is not and could not be alleged that, in violation of his duty, he permitted Harriman to go at large or escape, or that he frandulently or deceitfully took bail, or in bad faith took insufficient bail, which he knew or had reason to believe was worthless. Indeed the sheriff, after an arrest, upon being presented with a bail-bond in due form, with a proper affidavit of justification, as in this case, by both sureties, would not be justified in retaining the defendant unless he knew the bail were worthless, and took the risk of so showing in an action of false imprisonment. (Code, §§ 186, 187.) But it alleges simply that he did not give notice of justification or justify.

This last was a privilege and not a duty. If he did not, the statute made him liable as bail — did not declare him guilty of misconduct. To avoid this liability, the statute says he may (not must) discharge himself therefrom by giving notice, justifying, etc. (Code, §§ 193, 201.)

The breach, therefore, assigned was no breach of this official bond, or for which the sureties thereon are liable.

3. The only other breach or misconduct of the sheriff assigned in the complaint is, that the sheriff failed to pay the judgment against Harriman, and his failure to pay the judgment against himself as bail when demanded.

It certainly needs no argument to prove that it was no breach of his official bond, as sheriff, or of his duty as sheriff, to fail to pay the judgment against Harriman. His only obligation at all to pay this judgment was as bail,

and because he was the same as " special bail," under the
old system, as decided in the Court of Appeals.   So as to
the judgment against himself.   It was obtained against him
as bail; not for misconduct as sheriff.   It was no part of his
duty as sheriff to pay it.   And, so far was it from being
recovered against him as sheriff, that it was expressly decided,
if the action had been so brought, it could not have been
recovered. (31 N. Y., *supra.*)

And, if the action had been against him for any miscon-
duct as sheriff, with reference to the arrest of Harriman,
either for an escape, or for fraudulently or in bad faith
accepting worthless or insufficient bail, that decision and the
cases to be cited under the second point, show that that
judgment could not have been recovered, if, as was the fact,
Harriman were insolvent, the case being open to show the
plaintiffs were not damaged.

Indeed, there is no possible misconduct, except in the man-
agement of final process, which would not have let this
evidence in, as well in favor of the sheriff, as of his bail in
an action against the sheriff, as such. (See authorities cited
in 31 N. Y. 255, and under second point.)

It is insisted, therefore, that this breach of non-payment
was also no breach of Stryker's duty as sheriff, and conse-
quently, none of the condition of his official bond.

There being no other breaches alleged or pretended, for
the reasons above set forth, it is submitted that the com-
plaint does not set out any cause of action against the
defendants upon the official bond.

II. The total exclusion of the defendants' defense at the
trial, that the relators had suffered no damage and that
Harriman had been at all times wholly insolvent, was a
fatal error.

1. The official bond of the sheriff is, in its nature and
effect, pre-eminently, a bond of indemnity upon which parties
aggrieved may recover of the sureties the full amount of
actual damages sustained, arising from the official miscon-
duct and delinquency of the sheriff, and no more.   In other
words, it is to save them harmless from all injuries resulting

to them from the misconduct of the sheriff. (*Commonwealth ex rel. Knight* v. *Allen*, 30 Penn. 49 ; *Sargeant* v. *Pomeroy*, 33 Maine, 388.)

The actual loss ought, *a fortiori*, to be the rule of damages against sureties of a sheriff, in an action for damages arising from a breach of the official bond, if it is provable to be almost the universal rule in actions against the sheriff himself, directly, not as bail, but for misconduct in office.

But the books are full of cases to show that such is the rule. [Voluminous references omitted.]

2. This action was brought under section 202 of the Code, which provides that after the return of execution unsatisfied against the sheriff upon his liability as bail, "the same proceedings may be had on the official bond of the sheriff to collect the deficiency as in other cases of delinquency."

Upon the correct construction and true intent and meaning of this section depends the decision of the case, assuming the objections raised to the complaint should be got over.

*First.* The section does not say that the parties to the bond shall be liable to pay, or that the plaintiff shall recover the amount of the deficiency. If they had so intended, they would have so enacted, and left no room for controversy as to the extent of the liability of the parties to the bond.

When it says, that proceedings may be had upon the bond to collect the deficiency, we are not to understand it as meaning that the deficiency shall, without regard to other facts, be absolutely recovered in such action on the bond. If so, it should have said "upon the return of execution against the sheriff unsatisfied, the official bond of the sheriff may be prosecuted and such deficiency recovered" without alluding to "proceedings in other cases of delinquency."

*Second.* It is insisted therefore that the language of the section bears no such construction as the court below put upon it, compelling a full recovery from the sureties of whatever had been recovered against the sheriff as bail, without opportunity of showing the actual loss or any other circumstance in mitigation.

If it be asked what then was the reason of the enactment,

the answer is, first, that, the omission to justify bail being no delinquency, as has been shown, this section was necessary to give a right of action at all as for a *quasi* delinquency ; and, second, the legislature contemplated an action against the sheriff as bail, and recovery of the full amount without right of mitigation, and in case of deficiency giving an action on the bond for the actual loss as in other cases of delinquency, but which would not be 'necessary if the whole had been paid by the sheriff as bail.

3. But those words are not new or found for the first time in this section, but are taken bodily from the old statutes. Their meaning and construction there will throw light upon them here, and will be found to utterly bar the interpretation sought to be put upon them by the relators to maintain the judgment.

Previous to. the Code, the Revised Statutes, chapter 6, title 1 (2 R. S. 348), made general provisions for proceedings in actions where the defendant could be held to bail, and these are the provisions for which were substituted the provisions of the Code in reference to orders of arrest. The latter intended evidently to take the place of the former as a system.    *   *   *

These provisions were repealed by the old Code and the proceeding by order of arrest substituted ; but the provisions,. being in the same words in both systems, must be supposed. to have the same meaning in both.

But the Code expressly enacts that where damages are. recoverable, only the same rate is to be recovered as previous. to its enactment. (Code, § 276.) And we have seen in our first point that by section 471 of the Code, the proceedings. on sheriffs' bonds are unaffected by the Code.

The conclusion is inevitable, then, that the liability of sureties on sheriffs' bonds is precisely the same since as before the Code, and that the words in reference to "proceedings as in other cases of delinquency " in the Revised Statutes, have the same effect as in the Code.

But we have seen under our first point that these proceedings necessitate the specific assignment of breaches of the

condition of the bond by the relators, and that on the trial the jury shall find whether the assignment of breaches is true, and if true, whether the plaintiff shall recover damage therefor, and if so, they shall assess such damages and specify the amount thereof. (2 R. S. 378, § 6.)

But if the amount of recovery upon the bond was rigidly fixed by the amount of the judgment against the sheriff, confessed under the Revised Statutes or recovered under the Code, what necessity or what sense in requiring a jury to inquire and find if the plaintiff has suffered damage by the breach, and if they find so, to assess and specify the amount of it.

4. It will appear from a perusal of the case quoted at the bottom of this paragraph, that at the time of that decision there was a similar method of proceeding by attachment and judgment thereon, to make the sheriff liable for the full amount to be levied, where he failed to return the writ of execution, although the defendant in the execution had no property, as in the Revised Statutes, where the sheriff is brought up by attachment for not putting in special bail, both being analogous to the action under the Code against the sheriff as bail.

Yet the court decided upon an action brought against the sheriff and his sureties upon the official bond, under a statute substantially similar with the present, that the sureties are not liable because the former recovery against the sheriff was not directly for any misconduct in office. (*People* v. *Spraker and Yates*, 18 Johns. 390.)

The application of the principle of that case to the present, shows that here as well as in that case the recovery against the sheriff has been not for any misconduct or default in his office, but upon his liability as bail. He may have committed a default in taking insufficient bail, but there is no such adjudication against him. He is adjudged to pay the defendant upon an entirely different ground, because he has not discharged himself from liability as bail, availing himself of the privilege the Code gives him. With this liability the sureties on his official bond have nothing to do except this,

that, in case he does not or cannot pay the judgment, the plaintiffs, if they see fit, have a right, as a *res nova*, to commence the ordinary proceedings upon a sheriff's bond, and are compelled to show affirmatively, not the judgment against the sheriff, which is a preliminary merely, but their cause of action, the misconduct of the sheriff, which constitutes the breach, and (subject to the ordinary rights of the defendants to show no actual loss to the plaintiffs in mitigation of damages) to collect the deficiency. This does not create any additional liability against the defendants, nor enlarge the condition of their contract.

III. For the reasons above assigned, the judge erred at the trial in ordering a verdict for the full amount of the judgment against the sheriff. The judgment should be reversed and a new trial ordered.

*E. C. Benedict*, for the respondent.

I. The liability of Harriman, the original defendant, is fixed by the judgment against him. The judgment against Harriman in the original action is proved by the judgment record which is in the case. Not being appealed from, this fixed his liability.

II. The liability of his bail is fixed. An execution upon the judgment was issued against his property, and returned unsatisfied. An execution was then issued against his body, which was returned not found. This fixed the bail. (*Gregory* v. *Levy*, 12 Barb. 612.)

III. The sheriff was his bail. "If, after being arrested, the defendant escape or be rescued, or bail be not given or justified or a deposit be not made instead thereof, the sheriff shall himself be liable as bail." (Code, § 201.)

"Where a defendant is arrested by the sheriff upon an order of arrest, and gives bail and is thereupon discharged from custody, but the bail do not justify, the sheriff himself becomes bail, and is liable in the same manner and to the same extent as bail to the action would have been had such bail been given and perfected." (*Metcalf* v. *Stryker*, 31 Barb. 63; 31 N. Y. 255.)

IV. The sheriff's liability as bail in the original action is fixed and is in judgment. The plaintiff sued the sheriff as bail, and recovered upon the trial of the action. It was passed in review by the General Term of the Supreme Court, and final judgment given. (*Metcalf* v. *Stryker*, 10 Abb. 12; id. 31 Barb. 63; and finally in this court, 31 N. Y. 255.)

V. The liability of the sheriff and his sureties on his official bond is fixed. An execution was issued upon the judgment, and returned unsatisfied. Notice of the judgment was given to the sheriff and his sureties, and payment demanded. The non-payment of this judgment by the sheriff is the delinquency charged in the complaint. Whereupon, upon application to the Supreme Court, and proof of the facts, leave was given to prosecute the official bond of the sheriff. The facts alleged are expressed in the statute to be such a delinquency as to constitute a breach of the official bond. "If a judgment be recovered against the sheriff upon his liability as bail, and an execution thereon be returned unsatisfied in whole or in part, the same proceedings may be had on the official bond of the sheriff to collect the deficiency, as in other cases of delinquency." (Code, § 202.)

VI. The exception arising on the evidence is upon a ground which is untrue in point of fact. The action against the sheriff was not for an escape, but on his liability as bail. This court decided that the "complaint is not founded on the escape, but on the neglect to put in and justify bail, and leaves the sheriff to the liability imposed upon him by the Code as bail. It sets out the facts necessary to claim the defendant's liability as bail, and asks judgment for the amount of debt and costs." (*Metcalf* v. *Stryker*, 31 N. Y. 257; 31 Barb. 63.)

VII. The motion to dismiss the complaint was properly denied.

1. As to the first ground, it was untrue in fact. (Vide sixth point.)

2. As to the second ground, the statute in express terms holds them responsible in such a delinquency. "The same

proceedings may be had on the official bond of the sheriff to collect the deficiency, as in other cases of delinquency." (Code, § 202.) Proceedings on the bond are proceedings against the obligors in the bond. The sureties as well as the sheriff and all are alike responsible. (Code of Procedure, § 202.)

"The liability of the sureties of a sheriff upon his bond is co-extensive with the liability of the sheriff himself, in respect to all neglect of duty or acts he is required as sheriff to perform." (Crocker on Sheriffs, § 864; *Ex parte Reed*, 4 Hill, 574; Code, § 202; *The People* v. *Brush*, 6 Wend. 456.)

3. The third ground has no foundation or merits. The allegation in the complaint is that notice was "duly served" on him. The proof is that it was served "as stated in the complaint;" and again, "notice was served on said sheriff" on the 26th of August; and again, the witness Goodrich proved the service of the notice in office hours at the sheriff's office, "by delivering it to the under-sheriff then in charge of the office."

The statute requires the sheriff to keep an office open from nine to four, and makes service at the office "equivalent to personal service on the sheriff." (2 R. S. 205, §§ 55, 56.)

4. As to the fourth ground, the objection is too general. It does not state any ground of dismissal. But this court has already held that the default of the sheriff is fully established, and if the sheriff is in default, his sureties are liable. (*Metcalf* v. *Stryker*, 31 N. Y. 255.)

And the same original evidence which was given to prove the sheriff's liability in the action against him is given in this case. This was given for greater caution in addition to the judgment record.

5. As to the fifth ground, the executions and the returns of the sheriff are proved. These are the only competent evidence that neither property or body could be found. "Inquiry" in such cases, except by the sheriff under an execution, is unknown to the law, and the result of the inquiry can be proved only by the sheriff's return. The truth of the return cannot be inquired into collaterally.

The bail had him in custody and could have surrendered him. (*Gregory* v. *Levy*, 12 Barb. 612 ; 2 R. S. 382, §§ 29, 30, 31 ; Code, § 191.)

VIII. The proofs offered as to Harriman's insolvency were irrelevant and incompetent. That the original defendant is a beggar and a runaway — that property and body cannot be found — is always a necessary preliminary to the action against bail. This was held in *Metcalf* v. *Stryker* (31 N. Y. 255.) If immaterial in that action against the sheriff it is so in this against him and his sureties.

GROVER, J. The counsel for the defendants insists, that the complaint does not state facts sufficient to maintain an action against the defendants upon the official bond of the sheriff. The complaint states all the facts necessary to show that Stryker, the sheriff, became liable as bail for Harriman pursuant to section 201 of the Code. That he was charged as such by the issuing of the necessary process upon the judgment against Harriman, and the return thereof. That the plaintiff had prosecuted the sheriff, as such bail, to judgment, and the execution thereon had been returned unsatisfied. That the order required by statute authorizing the prosecution of the sheriff's official bond had been made by the Supreme Court. These facts are sufficient to maintain the action upon the bond, provided the sureties thereon are liable for the sheriff's failure to respond to his liability as bail for Harriman. This is the principal question in the case. In examining this question, it will be seen, that liability as bail is imposed upon the sheriff in consequence of his failure in causing bail to be given and justified, as required by law. That, upon arresting the party upon an order of arrest, the law imposes upon him the responsibility that legal bail shall be put in, and that in case this is not done, he shall himself be liable as bail. (Code, § 201.) Section 203 provides, that the bail taken by the sheriff, upon the arrest, shall be liable to him for damages he may sustain from their failure to justify. It will thus be seen, that liability as bail is imposed by law upon the sheriff whenever he executes an

order of arrest, and that this liability continues until discharged by law. This liability is imposed upon him as sheriff, and it is his duty as sheriff to answer such liability. Section 202 provides, that, if a judgment be recovered against the sheriff upon his liability as bail, and an execution thereon be returned unsatisfied in whole or in part, the same proceedings may be had on the official bond of the sheriff, to collect the deficiency, as in other cases of delinquency. The only construction that can be put upon the above provision is, that the sureties are liable for any default of the sheriff as bail, when he has incurred such liability under the provisions of the Code. The clause authorizing proceedings upon the official bond would otherwise be wholly meaningless. This is too clear to require further examination. The only remaining question arises upon the exception taken by the defendants' counsel to the rejection of the proof offered by him, showing the insolvency of Harriman, before and at the time of his arrest, and at all times subsequent. This evidence was competent, unless the sureties were liable to the full extent of the liability of the sheriff as bail. If they were so liable, the evidence offered was immaterial. In *Metcalf* v. *Stryker* (31 N. Y. 255), it was held by this court, that the sheriff was liable as bail for the entire amount of the judgment recovered against Harriman, not exceeding the amount specified in the order of arrest. If the action had been against the sheriff for the escape of Harriman, upon mesne process, such evidence would have been admissible in his favor, as the recovery in such cases is restricted to the damages actually sustained; but the liability of bail is different. (See 31 N. Y., *supra*, and cases cited.) The condition of the bond is, that the sheriff shall well and faithfully, in all things, perform and execute the duties of the office of sheriff, without fraud, deceit, or oppression. We have seen that the law not only imposes upon the sheriff the liability as bail, but also makes it his duty to discharge such liability. That his sureties are responsible for his default in this respect. They are responsible for the performance of the entire duty of the sheriff. Hence, these sureties are responsible for the

entire deficiency of the judgment against the sheriff. The evidence was, therefore, properly excluded. The necessity of assigning breaches and assessing damages (2 R. S. 378, § 6), is no argument against this conclusion. That must be done in all cases like the present, and the damages to be assessed are, the deficiency of the judgment against the sheriff. The judgment appealed from must be affirmed.

CLERKE, J. The first ground on which the motion to dismiss the complaint is made is a mistake as a matter of fact. The first action against the sheriff was not for an escape, but on his liability as bail.

The second ground, that the sureties of the sheriff are not bound by the recovery against Harriman, is disposed of by section 202 of the Code of Procedure. The language is: "If a judgment be recovered against the sheriff as bail, and an execution thereon be returned unsatisfied, in whole or in part, the same proceedings may be had on the official bond of the sheriff to collect the deficiency, as in other cases of delinquency." What proceedings could be had on the official bond but an action against his sureties? The language is as intelligible as if it said, " an action may be commenced against his sureties." But, it is maintained, that, by the condition of this official bond, they did not guaranty his sufficiency as bail; they only guaranteed that Stryker should "well and faithfully, in all things, perform and execute the duties of the office of sheriff of the county of Kings, without fraud, deceit, or oppression." Here they guaranty, that the sheriff shall well and faithfully, in all things, perform and execute the duties of his office; the putting in of bail in certain cases is made by law one of the duties of his office; and his neglect to do so is a delinquency, implying either fraud, deceit, or oppression. Indeed, section 202 denominates this neglect a delinquency, in saying " the same proceedings may be had as in *other* cases of delinquency." It is, moreover, well established, that the liability of the sureties of a sheriff, upon his official bond, is co-extensive with the liability of the sheriff himself in respect to all neglect of duty or acts he is required

as sheriff to perform. But it is contended, that his neglect in this case was as bail, not as sheriff, and that his sureties are only liable for his misconduct as sheriff. Was he required to put in bail, or did he become liable as bail, in this case, in his private capacity as Burdett Stryker, or as sheriff of the county of Kings? The Code, of course, imposes this liability upon him in his official capacity. Section 202 expressly states his official liability and the consequent liability of his sureties.

As to the third ground, it was fully proved, that the notice of the non-acceptance of the undertaking was duly served upon the sheriff. Goodrich swore that notice of the non-acceptance was served on the sheriff, 26th August, 1858, at about 9 o'clock A. M., by delivering the same to the under-sheriff, then in charge of the office, the sheriff being absent therefrom. This is a sufficient service; it is equivalent to personal service on the sheriff.

As to the fourth ground, we have already seen that the sheriff, in such cases as this, is liable; his default is sufficiently set forth in the complaint and proved at the trial, and, consequently, his sureties are liable; and, as to the fifth ground, no other proof is necessary to show that Harriman did not render himself amenable to the process of the court, than that an execution was issued against him, and that it was returned "not found."

The judge correctly decided, that evidence of Harriman's insolvency was inadmissible. This was in conformity with the decision of this court in *Metcalf* v. *Stryker* (31 N. Y. 255). If this was an action for an escape, such evidence would, perhaps, be competent; but in that case and in this, the defendant was sued as bail, and his liability was equivalent to that of any other bail. The insolvency of the principal has never been considered a defense in an action against his bail.

The judgment should be affirmed with costs.

Judgment affirmed.