(58 App. Div. 486.)

### DE SISTO v. STIMMEL.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

CITY MARSHAL—SEIZURE OF GOODS—SECURITY FROM PLAINTIFF—CONVERSION—BONDSMAN—LIABILITY.

A city marshal's bond provided that, if he should faithfully execute the duties of his office, the obligation should be void. After the marshal had levied on personal property on an execution, the plaintiff therein deposited $250 with the marshal to secure him against any damages from the levy, to be returned if suit was not commenced for the property within 20 days. No suit was begun, and the marshal converted the money to his own use. *Held*, that the marshal's bondsmen were not liable for the conversion of the money, since the marshal had no official authority to receive the deposit.

O'Brien, J., dissenting.

Appeal from appellate term.

Action by Antonio Dè Sistò against John Stimmel. From a judgment of the appellate term (65 N. Y. Supp. 314) reversing a judgment in favor of plaintiff, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Martin Wechsler, for appellant.

John Ewen, for respondent.

PATTERSON, J. The action was brought against John Stimmel, surety upon the official bond of Henry Lowey, a marshal of the city of New York, the condition of the bond being "that, if the said Henry Lowey shall well and faithfully execute the duties of said office of marshal, without fraud, deceit, or oppression, the above obligation shall be void; otherwise, shall remain in full force and virtue." Henry Lowey, marshal, made a levy upon personal property under an execution issued upon a judgment obtained by this plaintiff against one Fortunato. After that levy was made, the plaintiff deposited with Lowey the sum of $250, and took from him a receipt in the following words:

"Received from Antonio De Sisto order for the sum of $250 on the Bank of Savings. Said sum is to be held by me as security for damages which I may sustain by reason of a levy and execution on the clothing store No. 85½ Baxter street, N. Y. City, and to be returned within twenty days from date hereof, unless a suit is begun for said clothing within said time.

"Dated Nov. 10th, 1896.                    Henry Lowey, Marshal."

It is alleged in the complaint that Lowey did not return the $250 upon demand, after the expiration of 20 days, no action having been begun against him as marshal, and that he has wrongfully converted,

the money to his own use. The complaint also contains allegations of the recovery of a judgment against Lowey, the issuance of an execution, which was returned unsatisfied, and the granting of leave to the plaintiff to sue upon the bond.

The contention of the appellant is that the surety is liable upon the marshal's bond because his act in receiving the deposit of money was done by him under color of office, if not by virtue of office. We have been referred to cases in other jurisdictions in which the courts have held that sureties upon official bonds are liable for acts done by their principals colore officii, but we are of opinion that the test of liability in this case is whether the act of the marshal in receiving the deposit was an official or purely an individual one. In the cases in which the surety has been held liable for acts of a principal done under color of office, there was present an element of trespass or wrongdoing as against third parties. There was no such element in the receipt of the money by the marshal in this case. He and the plaintiff entered into an agreement by which the former deposited with him a certain sum of money as indemnity. The marshal had no power to exact it. He had no authority to demand any other indemnity than that provided by the statute, namely, a bond. But it was not a wrongful act on his part to accept other indemnity if it were tendered or furnished him by the plaintiff. The furnishing of that indemnity, however, was a matter resting in contract between himself and the plaintiff. The liability of a surety upon a marshal's bond does not extend to making good defaults of the marshal upon special contracts which may be made by him with persons for whose benefit he is charged with the execution of legal process. Those contracts are not made officially, and, while the officer may be liable personally upon them, they are not within the obligation of an official bond, such as that upon which this action was brought. The condition of that bond related to the marshal well and faithfully executing the duties of his office. It did not apply to any act of his that was not really or ostensibly connected with that duty. The making of a special private contract with a particular plaintiff in an execution is no part of the marshal's duty. There does not appear to have been any fraud, deceit, oppression, or coercion on the part of the marshal in taking the deposit, but the entire arrangement was one of a private contract, a liability for which could not have been within the contemplation of the surety, either actually or by intendment, at the time he became a party to the official bond. We are therefore of opinion that the determination of the appellate term should be affirmed, with costs. All concur, except O'BRIEN, J., who dissents.