CHARLES H. DAUCHY CO., INC., Suing on Behalf of Itself and All Other Creditors of JOHN A. WILKINSON, Appellant, *v.* JOHN A. WILKINSON and ALINE C. WILKINSON, Defendants, Impleaded with ETHEL H. SHEPARD, Respondent.

Third Department, May 5, 1937.

*Owen D. Connolly,* for the appellant.

*Straub & Hughes* [*J. Vanderbilt Straub* of counsel], for the respondent.

RHODES, J.   The action is brought by and in behalf of creditors of John A. Wilkinson, defendant, for a judgment declaring void a sale and transfer of a stock of merchandise in bulk, belonging to him, made on June 6, 1936, contrary to the provisions of section 44 of the Personal Property Law, and to procure an adjudication that the defendant Aline C. Wilkinson and respondent Shepard are receivers and accountable to the creditors of said John A. Wilkinson for all of said merchandise thus illegally transferred.

The sole question now presented is as to the sufficiency of the affirmative defense of respondent.   Said defense alleges that prior to said 6th day of June, 1936, certain creditors of said John A. Wilkinson had obtained and docketed judgments against him upon which levy had been made under executions issued thereon to the sheriff of Greene county upon the merchandise in question; that said sheriff had taken possession of said merchandise thereunder, and that said judgments and executions were liens thereon.

It is alleged that about the 5th day of June, 1936, the defendant Aline C. Wilkinson informed the respondent of the said levy and " suggested " that the respondent purchase said merchandise from said sheriff for the amount due and owing on said judgments; that on said 6th day of June, 1936, the said sheriff represented to the defendants Shepard and Aline C. Wilkinson that he could lawfully sell the said merchandise to respondent, free and clear of all liens and that he, as said sheriff, offered to sell said merchandise to respondent for the sum of $413.14, the amount then due and owing upon said judgments and necessary to satisfy the record and could give a clear title of the same to the respondent.

Other allegations not of special consequence are to the effect that the sheriff represented that it would be advisable to procure a bill of sale of said merchandise from the defendant John A. Wilkinson, and that relying upon the representation of said sheriff the defendant John A. Wilkinson made and delivered a bill of sale of said merchandise to said Aline C. Wilkinson, and that likewise relying upon said representations of said sheriff the said Aline C. Wilkinson made and delivered a bill of sale of said merchandise to respondent.

The answer then alleges that on said 6th of June, 1936, the defendant Shepard paid to the said sheriff said sum of $413.14, and that he delivered possession of said merchandise to her and represented that he was authorized to sell and was lawfully selling

the said merchandise to her in his official capacity as sheriff, free and clear of all liens; that all of the defendants relied upon said representations which were false; that the money paid by respondent to the sheriff was applied by him to satisfy said judgments; that the respondent acted throughout in good faith, believing that she was purchasing the said merchandise through the sheriff; that upon the payment by her to said sheriff of said sum she became equitably subrogated to all the rights and remedies which said judgment creditors then had as against the defendant John A. Wilkinson.

The answer demands judgment decreeing subrogation accordingly.

It will be observed that there was no request made of the defendant Shepard, coupled with an implied contract of repayment inducing her to advance the moneys in question. If she was a mere volunteer in making the payments then she is not entitled to subrogation. (*Acer* v. *Hotchkiss*, 97 N. Y. 395; *Gans* v. *Thieme*, 93 id. 225; *Arnold* v. *Green*, 116 id. 566; *Lesser* v. *Steindler*, 110 App. Div. 262; *Guilfoyle* v. *Pierce*, 125 id. 504; affd., 196 N. Y. 499; *Durante* v. *Eannaco*, 65 App. Div. 435, and cases cited therein.)

If the sale made by the sheriff to respondent was illegal because not in conformity with the requirements of law governing sales under execution, she was chargeable with knowledge of such illegality because every person is chargeable with knowledge of the law. A sale by a sheriff at private sale of property levied upon under execution without the giving of the notice required by section 707 of the Civil Practice Act is void. (*Alexander* v. *McLaughlin*, 246 App. Div. 189.) Even though the sale may have been consented to by the owner, it would seem that its legality could be attacked by any creditor. (Debtor and Creditor Law, § 276.)

The respondent in making the payment was not compelled to do so to protect any right of her own, and, therefore, on this theory may not claim the right of subrogation. (See *Durante* v. *Eannaco*, *supra*, and cases therein cited.)

The language contained in some opinions, standing apart from the facts of the particular case involved, is very broad and might lead to the impression that the principles of subrogation may be applied here.

Thus it has been said that no contract is necessary upon which to base a right of subrogation, and that it is founded upon general equitable principles (*Pease* v. *Egan*, 131 N. Y. 262); it is said to rest on the basis of mere equity and benevolence and is resorted to for the purpose of doing justice between the parties (*Gans* v. *Thieme*, *supra*); that " the remedy of subrogation is no longer limited to sureties and quasi sureties, but includes so wide a range of subjects that it has been called the ' mode which equity adopts

to compel the ultimate payment of a debt by one who in justice, equity and good conscience ought to pay it ' " (*Arnold* v. *Green, supra*); that the remedy of subrogation is governed by principles analogous to those which govern actions to recover money paid by mistake. (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137.)

Usually in cases where subrogation has been decreed, the one entitled thereto had paid money under an obligation so to do, or for the protection of some right belonging to him, or money belonging to him had been stolen or converted and misapplied in the extinguishment of some debt or claim.

In no case does the principle seem to have been applied to facts such as are alleged in the answer herein.

Counsel for respondent cites the case of *Pittsburgh-Westmoreland Coal Co.* v. *Kerr* (*supra*). In that case money of the plaintiff had been stolen and diverted to the payment of a note. The plaintiff was held entitled to be subrogated to the rights of the holder of said note.

Similarly in the case of *Title Guarantee & Trust Co.* v. *Haven* (214 N. Y. 468), cited in behalf of respondent, money was obtained from a bank through means of a forged check, the proceeds of which were used to pay a tax assessment, and the bank paying the forged check was held entitled to be subrogated to the lien of the assessment. (See S. C., 196 N. Y. 487.)

Respondent's situation is unfortunate, but no wrong has been inflicted upon her by plaintiff; if she has sustained damage by misrepresentation it was not by the fraud of the one suing here; as against such party she must invoke in addition to the inherent justice of the case some principle of equity jurisprudence as recognized and enforced by courts of equity. (*Pease* v. *Egan, supra;* " Subrogation," 60 C. J. p. 701, § 7.)

If the decisions which are controlling upon us have been correctly interpreted and the governing principles properly applied herein, then the facts alleged in respondent's answer are insufficient to support her defense and claim to subrogation. Apparently her remedy, if any, is otherwise and elsewhere.

The order so far as appealed from should be reversed, with costs, and the motion granted, with ten dollars costs.

CRAPSER and BLISS, JJ., concur; HILL, P. J., and HEFFERNAN, J., concur for reversal, but with leave to plead over.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.