HARRIS ECKSTEIN et al., Copartners Trading under the Firm Name of H. ECKSTEIN & SONS, Respondents, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant, Impleaded with Another.

Argued September 26, 1939; decided November 21, 1939.

*Emanuel Goodman* and *S. M. Sprafkin* for appellant.

*Mathias Naphtali* for respondents.

RIPPEY, J. Plaintiffs brought this action against a city marshal of the city of New York and against his bondsman to recover damages alleged to have been sustained by plaintiffs because of a sale by the marshal of certain personal property belonging to Abraham Lifschitz and Bertha Lifschitz. The complaint was dismissed at Special Term on motion of the bonding company on the ground that plaintiffs had failed to set forth a cause of action. The Appellate Division, by a divided court, sustained the complaint but certified that a question of law is involved which ought to be reviewed by this court, to wit: " Does the complaint state facts sufficient to constitute a cause of action?"

On November 4, 1937, a judgment was docketed in favor of one Esther Siegel and against Abraham Lifschitz and Bertha Lifschitz upon which an execution was issued to the marshal. The sale was conducted on November 10, 1937. It is alleged that no levy was made under the execution at least six days before making the sale, that no notices of sale were posted (Civ. Prac. Act, § 707), thereby preventing the plaintiffs from obtaining timely knowledge or notice of the proposed sale, thus preventing them from taking due and timely proceedings to protect their interests, that no inventory was made of the property sold and, consequently, it was not offered for sale in lots in a manner calculated to bring the highest price as required by law (Civ. Prac. Act, § 706), but was sold in bulk at a price far below its real value, that the sale rendered the owners insolvent, that they had no knowledge or notice of the sale, and that the marshal thereby " aided, abetted, assisted and enabled the debtors and the said Esther Siegel to prevent the property of the debtors from being made liable for the payment of debts of the debtors of these plaintiffs, or being levied upon by execution or warrant of attachment, contrary to the statute in such cases made and provided."

The bond upon which liability of appellant must depend provides that " the condition of the above obligation is

such, that if the said Julius Grabel shall well and faithfully execute the duties of said office of Marshal of the City of New York without fraud, deceit and oppression, and shall answer to the said The City of New York and any parties that may complain, and shall properly account for and pay over any monies and property received by him as such Marshal, then the above obligation to be void, otherwise to remain in full force and effect."

The contract of suretyship measures the liability of the defendant (*Wood* v. *Fisk*, 63 N. Y. 245), is worded according to the requirements of a sheriff's undertaking (County Law [Cons. Laws, ch. 11], § 180, subd. 2) and additionally is in the form required of a marshal of the city of New York (New York City Municipal Court Code [L. 1915, ch. 279, as amd.], § 146). In the performance of his duties with reference to execution, levy and sale, his powers, duties and liabilities are the same as those of a sheriff (New York City Municipal Court Code, § 151). The under-taking was given to comply with the requirements of the statute and will be deemed not to create a more extensive liability upon the marshal than that thereby imposed (*McCluskey* v. *Cromwell*, 11 N. Y. 593, 598). The statute aims to protect and the form of the bond provides indemnity to not only the city of New York but all parties, whether suitors or not, who may complain, *i. e.*, those who may suffer injury by the official default or misconduct of the officer in the execution of the powers and duties of his office (Crocker on The Duties of Sheriffs, Coroners and Constables [3d ed.], § 882; *De Sisto* v. *Stimmel*, 58 App. Div. 486). By its terms, construed in the light of the statute, the bond protects against *malfeasance* or *nonfeasance* of the officer as to the parties in behalf of whom or against whom he has process to execute (*Carpenter* v. *Doody*, 1 Hilt. 465; *Alexander* v. *McLaughlin*, 246 App. Div. 189) and against his *malfeasance* or *misfeasance* as to third parties with whose property or rights he unlawfully interferes (Crocker on Sheriffs, *supra*, § 865; *People ex rel. Kellogg* v. *Schuyler*, 4 N. Y. 173); in both cases only while acting within

the scope of his official duties and performing ministerial functions or while performing judicial functions where he has maliciously deprived a person of his property or rights (57 C. J. p. 793). In *Carpenter* v. *Doody* (*supra*, p. 468) the conditions of the bond of a constable provided that he should in all things " well and faithfully perform and execute the duties of the office of constable, without fraud, deceit, or oppression." There the court said: " This condition requires two things — one, to perform the duties of the office, and, secondly, to perform such duties without fraud, deceit, or oppression; the first part intended for the protection of the creditor, the second for the protection of the debtor. The constable, if he faithfully perform the duties of his office in regard to an execution, would not incur any liability to the creditor, even if guilty of oppression towards the debtor. For such oppression the debtor has the cause of complaint." In *People ex rel. Kellogg* v. *Schuyler* (*supra*) the sheriff seized property belonging to a third person and the surety upon his bond was held liable for his official misconduct.

An action was commenced by plaintiffs on their claim against Abraham and Bertha Lifschitz on December 2, 1937, which later ripened into judgment in their favor. At the time of the sale by the marshal, plaintiffs were simple creditors of A. & B. Lifschitz without lien upon or special interest in the property sold. No property interest or established right of the plaintiffs was affected by the alleged misconduct of the marshal nor do the plaintiffs charge the marshal with any fraudulent conduct in connection with the sale and affecting any of their rights. No statutory duty was imposed on the marshal as to simple creditors without lien on or a fixed interest in the property sold except that imposed by section 695 of the Civil Practice Act, which has no application here. There is no allegation that plaintiffs have been deprived of some of their rights because of any malicious, deceitful or fraudulent act of the marshal. Nevertheless, even though there may be spelled out of the allegations in the complaint some assertion of

fraud, deceit or oppression on the part of the marshal, that constitutes no aid to plaintiffs in formulating a cause of action against the defendant, for the debtors only may avail themselves of such misconduct (*Carpenter* v. *Doody, supra*). No cause of action is alleged or would lie against the marshal in favor of plaintiffs under the Bulk Sales Act (Pers. Prop. Law [Cons. Laws, ch. 41], § 44), under which an action is authorized by interested parties to set aside a transfer where failure of the purchaser to give ten days' notice to creditors of the proposed sale occurs, nor under article 10 of the Debtor and Creditor Law (Cons. Laws, ch. 12), where an action may be maintained only against the owner and purchaser and their privies of property fraudulently transferred. Liability of the appellant is as great but no greater than that of the marshal while acting in an official capacity (21 R. C. L. p. 974; *People ex rel. Metcalf* v. *Dikeman*, 4 Keyes, 93, 105). No liability was imposed upon the marshal under the pleadings in this case.

If the sale was void for failure of the marshal to comply with statutory requirements (*Dauchy Co.* v. *Wilkinson*, 251 App. Div. 53, 55), it might have been treated as a nullity and plaintiffs might have issued an execution on their judgment and levied on and sold the property to satisfy their claim.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division and the question certified answered in the negative.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.