OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
We affirm the judgment, although not for the reasons stated by the court below. It is uncontroverted upon this record that defendant seized plaintiffs vehicle on December 4, 1996 pursu *692 ant to an execution, but that plaintiff did not receive any notice from the marshal’s office until approximately one month after the seizure. CPLR 5232 (b) provides that in the case of a levy upon personal property by direct seizure “[t]he sheriff or support collection unit shall forthwith serve a copy of the execution in the manner prescribed * * * upon the person from whose possession or custody the property was taken” (emphasis supplied). The duties, obligations and liability of a marshal are the same as those of a Sheriff (Eckstein v Massachusetts Bonding & Ins. Co., 281 NY 435, rearg denied 282 NY 590; Grebow v City of New York, 173 Misc 2d 473, 478). Defendant has failed to comply with the statutory mandate that service of a copy of the execution shall be made “forthwith”. We note that the report of impounded vehicle provided by defendant to the desk officer at the precinct where the vehicle was seized, and signed by said desk officer, indicates that no proper notification of the impounded vehicle was given to the stolen property section. Even if we were to take judicial notice of New York Police Department Patrol Guide Procedure No. 116-20 (CPLR 4511 [a], [b]; cf., People v Patterson, 169 Misc 2d 787, 793-794), which provides that the responsibility to notify the stolen property section is with the desk officer at the precinct and not with defendant as the court below determined, this still does not change the disposition herein, since defendant has a personal independent liability for failure to satisfy the statutory notice requirements of CPLR 5232 (b).
Scholnick, J. P., Aronin and Patterson, JJ., concur.