## STRUNK V. OCHELTREE *et al.*

1. CONSTABLE'S BOND. *Held* that where a constable acting in his official capacity levied upon and sold property which was exempt from levy and sale under execution, he and his sureties were liable on his official bond for the damages thereby sustained.

### *Appeal from Cedar District Court.*

### SATURDAY, OCTOBER 6.

*James L. Fyan*, for the appellant.

No appearance for the appellee.

BALDWIN, J.—The plaintiff in his petition represents, that the defendant, John R. Ocheltree, was duly elected as constable in said county, and qualified as such, by giving bonds with the other defendants as sureties. That by virtue of his said office, there was an execution placed in his hands against the plaintiff and that by virtue of such execution he willfully and wrongfully levied upon a certain mare of plaintiff's which was exempt from seizure and sale. That plaintiff was a farmer, the head of a family, that the mare thus levied upon and sold was part of a team by which he habitually earned his living. Plaintiff further claims that the said defendant as constable by such sale unfaithfully dischaged his duty as an officer, that he and his sureties are liable therefor.

The defendant in his answer admits his charracter as constable, admits the levy and sale, but claims that the property sold was not exempt therefrom; and claims that plaintiff turned out said property, for such levy, and that he had a team, &c. besides the mare sold.

Upon the trial the court instructed the jury, that plaintiff had not set forth sufficient in his petition to enable him to recover, and that they must find for the defendant, which they did accordingly. It was by the giving of this instruction by the court that appellant claims he was prejudiced,

and asks a reversal. Upon what ground the court held that the plaintiff was not entitled to recover does not appear. We infer from the argument of the counsel, however, it was upon the supposition' that the defendant was not liable as an officer, that if he sold the property of plaintiff as is claimed when the same was exempt from execution, that it was only trespass, and that he was not liable upon his official bond for such injury.

Section 324 of the Code provides that every civil officer, not before mentioned (and this includes constables) is required to give bond with surety, conditioned that he will faithfully and impartially, without fear, favor, fraud, or oppression, discharge all the duties of his office required by law. Section 1693 provides that when a bond or other instrument given to the State or to a county, or to any officer or person, which is intended for the security of the public generally, or of any particular individual, suits thereon may be brought in the name of any one intended thus to be secured, who has sustained any injury in consequence of a breach thereof. The substance of the allegations in plaintiff's petition is, that defendant as constable, by virtue of his office, wrongfully levied upon property of plaintiff that was exempt from seizure and sale; that by such act he did not faithfully discharge the duties of his office according to law; that in consequence thereof the plaintiff has sustained great damages, for which he claims that defendant is liable upon his bond.

The defendant by his answer relies solely upon his defence, that the property was not exempt, yet the court instructed the jury that the petition was insufficient. In this we think the court erred. There was sufficient alleged, if proved, to justify a recovery.

The defendant levied upon the property and took possession of it by virtue of his office, and sold the same when he had no right to do so. He did this as an official act. The wrong was committed by color of his office, a wrong which

his sureties obligated themselves he would not do, and for which they should be held responsible.

                                        Judgment reversed.