STRUNK v. OCHILTREE *et al.*

1. IMPEACHMENT OF A WITNESS. Statements made by a witness in a conversation in regard to the subject-matter of his testimony cannot be introduced for the purpose of impeaching him, before the proper foundation has been laid, by interrogating him as to the alleged conversation, and the time when, and the place where, it occurred.

*Appeal from Cedar District Court.*

MONDAY, OCTOBER 12.

ACTION against the principal and sureties upon a con-

stable's bond. Trial before arbitrator, who found for defendants. The plaintiff appeals.

*Piatt & Spicer* for the appellant.

*Cook & Drury* for the appellee.

BALDWIN, Ch. J.—This cause was before this Court at the December Term, 1860, and the material facts in the case are stated in the opinion, as reported in 11 Iowa, 158. When the cause was remanded to the District Court it was referred to arbitrators for trial. Their award was in favor of defendants, and was confirmed, on motion, by the District Court, and from this an appeal is taken. Exceptions were taken by appellant to the action of the arbitrators, in refusing to admit the testimony of certain witnesses, offered by the plaintiff at the trial. It appears that these witnesses were offered for the purpose of impeaching the testimony of one of the defendants, who had testified in said cause. It was proposed to prove by the witnesses offered by plaintiff that O'Keltrer, the witness of defendants, had stated certain matters in relation to the horse levied upon by the constable, altogether different from that as narrated by him at the trial, and that he had done so in a certain conversation with the witnesses proposed. The witness sought to be impeached was not first asked whether he had ever had such conversation, nor was the time or place fixed where it took place. There was no proper foundation laid for such impeaching testimony, and without this the defendants had a right to have it excluded.

But it is claimed that the award was against the evidence, and for this the Court should have overruled the motion to confirm it. In reply to this it may be said, that no exceptions were taken to the ruling of the Court upon this motion. But, granting that the appellant waived nothing by his failure to except to this ruling, we then held, upon full

examination of the evidence, that the arbitrators arrived at the proper conclusion, and that their judgment is supported by the evidence. The judgment of the Court thereon is therefore

Affirmed.