## TIEMAN v. HAW ET AL.

1. **Coroner: ACTING SHERIFF: SURETIES.** The sureties upon the official bond of a coroner are liable for his acts while he is acting *ex officio* as sheriff.

2. ———: ———: ———. If, while thus acting, he is guilty of performing any illegal or unauthorized act, or if any property coming into his hands in the discharge of his official duty is lost through his negligence, his sureties are liable therefor.

3. ———: ———: ———. The fact that property seized by the officer was used for the purpose of prostitution would not deprive the mortgagee of the right to maintain an action against the officer who had seized it without authority, and his sureties.

*Appeal from Des Moines District Court.*

WEDNESDAY, OCTOBER 23.

THE plaintiff claims that he was the holder of a chattel mortgage upon a certain flatboat owned by one Corville; that the defendant Haw, being the coroner and acting sheriff of the county, arrested said Corville and his wife upon a charge of keeping a house of ill-fame upon said boat, and seized the boat in the Mississippi river and removed it to the levee at Burlington; that said Corville and wife were admitted to bail upon said charge in the sum of five hundred dollars, and plaintiff became surety on the bail bond, upon condition that said boat and the personal property thereon should be turned over to plaintiff to secure him from loss on said bond, and that thereupon defendant Haw, with the consent of said Corville, delivered said boat and contents to plaintiff; that afterward defendant Haw, claiming to act under and by virtue of an order or process from one Dodge, a justice of the peace, took possession of said boat and contents by force and violence, and refused to deliver the same to plaintiff on demand, and while thus in possession of said Haw acting as sheriff, said Haw did with force and violence mar, injure, sink and destroy said boat.

It is averred that the boat was of the value of eight hundred dollars, and that Corville made default upon said bond, and plaintiff has been compelled to pay the amount thereof, to-wit: five hundred dollars, and has lost the security for the payment of the balance due upon said chattel mortgage.

It is further averred that the defendants other than Haw are sureties upon his official bond as coroner of Des Moines county, and judgment is prayed upon said bond for plaintiff's alleged damages.

The answer of defendant Haw, in addition to its general denials, avers in substance that by reason of the death of the sheriff of said county he, as coroner, was acting sheriff, and that the said boat was kept as a house of ill-fame on the Mississippi river, within the jurisdiction of the courts of Des Moines county, and that defendant, in obedience to law and a warrant for the arrest of said boat as a nuisance, did, with a *posse* and with the aid of a steamboat, take possession of said flatboat and its contents, including its occupants, and the same was by said steamer towed to the levee at Burlington, "there to remain and await the order of the court before which an information had been filed against the keepers, viz.: Corville and wife, for keeping a house of ill-fame; that while said information was pending, and before the grand jury sat, said boat was stolen at night from the possession of defendant by some of its former crew, assisted by this plaintiff, as defendant believes; that the same was done without the knowledge of defendant. Defendant further states that after said boat was stolen, and while being conveyed to its former harbor by the thieves, it sunk in the Mississippi river near the Illinois shore, and was, subsequently, without fault or negligence of defendant, burned."

The sureties of defendant Haw answer in substance that as such sureties they are not liable "for any real or pretended acts or malfeasance of said Haw, as sheriff."

There was a trial by jury, and a verdict and judgment against the defendant Haw and the sureties on his bond for

the sum of three hundred dollars, and against the defendant Haw alone for the further sum of forty dollars. Defendants appeal.

*J. & S. K. Tracy,* for appellants.

*C. Marble, D. Y. Overton* and *A. H. Stutsman,* for appellee.

ROTHROCK, CH. J.—I.    The evidence tended to show that the defendant Haw, in arresting the parties upon said boat, towed the boat to the levee at Burlington, and that at the time of the arrest he held no-process nor warrant against the boat, and that after the arrest of the parties, and pending their preliminary examination, a proceeding was instituted against the boat as a nuisance, and a warrant was issued by a justice of the peace, and delivered to the defendant Haw, ordering him to attach and levy on the boat, and hold it "subject to the decision of the District Court of Des Moines county." The defendant made return to this writ that he had attached and levied · on the boat, and had it moored on the levee at Burlington.

It was further shown that Corville, the owner and occupant of the boat, turned the same over to plaintiff to indemnify him for becoming surety on a bond for five hundred dollars, and that said bond was forfeited, and the amount paid by plaintiff. It further appears that plaintiff held a chattel mortgage upon the boat, upon which about one hundred and forty dollars was unpaid. The evidence further shows, without conflict, that plaintiff demanded possession of the boat of Haw, which was refused.

Haw removed the personal property from the boat. In a short time the boat was sunk, after which the evidence tends to show no guard or watch was kept over it by Haw. It was afterward raised and taken away by some unknown persons, and was subsequently sunk and destroyed.

The defendants requested the court to instruct the jury as follows:    "The sureties on the bond of said Haw, as coroner,

**1. CORONER: acting sheriff: sureties.** are not, as a matter of law, legally liable, or to be held accountable for his acts while acting *ex officio* as sheriff, and as to these defendants your verdict should be in their favor."

This instruction was refused, and we think the ruling was correct.

The Code, § 349, provides that "it is the duty of the coroner to perform all the duties of the sheriff when there is no sheriff, and in cases where exception is taken to the sheriff, as provided in the next section."

The defendant Haw, by virtue of his office of coroner, was performing the duties of sheriff, because there was no sheriff. His sureties were bound for the faithful performance of all the duties required of him by law. One of these duties, expressly enjoined upon him by law, was that he should act as sheriff when there was no sheriff.

II. It is next urged that the sureties are not liable because they can only be held for acts done by authority of legal process, or by direction or authority of law, and that there was no legal authority to issue an order or warrant for the seizure of the boat.

If all the acts of an officer are legal, and not contrary to law, neither the officer nor his sureties would be liable in damages; but in this case the defendant Haw did have a warrant or order from a justice of the peace, ordering him to seize the boat. He acted upon the warrant, and did seize and hold it, and while in his custody it was sunk and raised, taken away and destroyed.

He assumed to act under a warrant or order, and because it was unauthorized, and his act was illegal, he and his sureties are liable if the property was lost by his negligence.

The sureties of a sheriff are liable for a trespass committed by their principal in attempting to discharge his duty as an officer. *Strunk v. Ocheltree*, 11 Iowa, 158; *Charles v. Haskins et al.*, Id., 329.

In this case the sheriff, in seizing and holding the boat,

and refusing to deliver it up, was not acting in his private and individual capacity; he was attempting to discharge his duty as an officer, under a writ or order, and he and his sureties are liable for any negligence by reason of which the property was lost or destroyed.

III. The plaintiff was once the owner of the boat, and the chattel mortgage was taken as a lien for purchase money. At the time he sold the boat it was an ordinary wood boat, without any cabin. Afterward the purchasers built a cabin upon it, and used it as a house of ill-fame.

During the trial the defendants offered to prove that plaintiff knew for what purpose the boat was used at the time of its seizure, and for what purpose it was to be used at the time of its sale. This testimony was objected to and the objection sustained. Defendants complain of this ruling of the court upon the ground that, as the plaintiff had permitted the property to be put to an illegal and immoral use, he could make no claim against the officer for seizing it.

There is no doubt that when the owner of a building knowingly leases it for the purposes of prostitution he cannot recover rent upon such a lease, but we are aware of no case, and counsel have cited us to none, where the property thus leased becomes liable to confiscation. At least, where the property was seized without authority of law, as it confessedly was in this case, we think the defendant Haw was not in a position, by a refusal to deliver it to the mortgagee, and the person to whom the owner surrendered it as security, to convert it to his own use.

IV. It is urged that plaintiff had no right to the possession because the mortgage was upon the flatboat, which was afterward altered and changed both in use and appearance, and that a simple demand of the boat was not sufficient, but that plaintiff should have proceeded by an action of replevin.

In answer to this it is sufficient to say that it was for the jury to determine the identity of the mortgaged property, and

we think the description was sufficiently specific; and if the plaintiff had the right to the possession he was not bound to proceed by replevin, but might bring his action for damages.

V. Lastly it is urged that the verdict against the sureties is unwarranted, because there was no evidence of negligence on the part of the defendant Haw.

The question of negligence was for the jury to determine, and we think, in view of the facts that the boat was sunk, and raised and taken away while it was in the custody of Haw, the verdict upon the question of negligence is sustained by the evidence.

AFFIRMED.