CLANCY v. KENWORTHY *et al.*

**Constable**: OFFICIAL BOND : LIABILITY OF SURETIES FOR ACTS OF OPPRESSION : PLEADING. Action against a constable and his sureties on his official bond. The bond was in the form prescribed by statute ( Code, sec. 674 ), and required the principal to " faithfully and impartially, without fear, favor, fraud or oppression, discharge all the duties  \*  \*  \*  of his office." The action was for a breach of the conditions of the bond in unlawfully, maliciously and oppressively arresting, imprisoning and prosecuting the plaintiff. The petition averred that the acts complained of were done by the constable under color and by virtue of his office, but shows that they were unlawfully, maliciously and oppressively done, without probable cause. *Held*—

(1) That the petition properly alleged a breach of the conditions of the bond.

(2) That the sureties could not escape liability on the ground that the acts complained of were instigated wholly by private malice, and were in no way connected with the duties of their principal as constable.

*Appeal from Mahaska District Court.*—HON. W. R. LEWIS, Judge.

FILED, DECEMBER 7, 1887.

ACTION upon the official bond of a constable, to recover, against the principal and sureties, for a breach of its conditions. There was a judgment upon a verdict for plaintiff Defendants appeal.

*Nelson & Williams* and *W. S. Kenworthy.* for appellants.

*Phillips & Greer*, for appellee.

·BECK, J.—I. The bond sued on is in the form pre-scribed by statute (Code, sec. 674), and obligates the principal to render a true account of his office as consta-ble, to pay over all moneys coming to his hands in the discharge of his official duties, etc., and to "faithfully and impartially, without fear,. favor, fraud or oppres-sion, discharge all the other duties now or hereafter required of his office by law." The petition alleges a breach of the conditions of the bond in the following language: "That on or about the nineteenth day of September, 1885, the said J. C. Kenworthy, as said con-stable, under color and by virtue of his said office and his official position, did maliciously, unlawfully, and without reasonable or probable cause, and without war-rant or any process of any court, arrest the plaintiff, and incarcerate him in the jail of said county, and keep him confined there for the space of about twelve hours, and during one night; that at the time of said arrest the said defendant, under pretense of necessity in order to accomplish said arrest, did, without any cause or prov-ocation, and without reasonable or probable cause therefor, brutally, oppressively, maliciously and unlaw-fully strike, beat, bruise and wound with a club the said plaintiff on the head, and severely injure and cut the head of the plaintiff, and cause him great bodily and mental pain and suffering; that, after he had so arrested and stricken and wounded the plaintiff, the said defend-ant placed and incarcerated the plaintiff in said jail as aforesaid, without having or procuring any care or atten-tion or medical treatment to be given to the plaintiff, or the wounds thus made and inflicted upon him, although the plaintiff was badly cut about and upon the head, and bleeding and suffering severely, but left plaintiff in said jail until the following day before said wound was dressed ; that afterwards, and while the said defendant still had the said plaintiff in custody, to-wit, September 14, 1885, the said Kenworthy claimed that he arrested

the plaintiff because he found him in a state of intoxication, and filed an information against plaintiff, charging him with said offense before one E. D. McNeilan, a justice of the peace in and for said county, and prosecuted the plaintiff on said information for said crime; that the said prosecution is at an end, and the plaintiff has been duly acquitted of said charge; that the said charge and information so made and filed, and said prosecution by said defendant, was false, malicious, and without reasonable or probable cause, and was done by said defendant for the purpose of attempting to cover up and justify his offensive and malicious acts and conduct in arresting and beating the plaintiff, as aforesaid, and harassing, annoying and oppressing the plaintiff.''

The jury found a general verdict for plaintiff, and special findings to the effect that the constable did not believe, and had no probable cause to believe, that plaintiff was intoxicated at the time of the arrest; that he had no probable cause for filing the information; and that he used more force in making the arrest than he was authorized to believe was necessary. The defendant moved the court to arrest the judgment on the following grounds: "*First*. The petition does not state facts sufficient to constitute a cause of action, in that the petition shows that the defendant J. C. Kenworthy was a trespasser, and not engaged in the line of his official duty in any of the acts complained of in the petition, and hence the sureties on the bond sued on are not liable therefor, and this action on the bond cannot be maintained. *Second*. The petition and special verdicts show (1) that the defendant J. C. Kenworthy arrested and imprisoned the plaintiff without a warrant, and filed an information against him for being found in a state of intoxication, and that the defendant Kenworthy did all that without probable cause, and without believing that the accused was guilty thereof; (2) that in making said arrest the said J. C. Kenworthy acted maliciously, and used excessive force; (3) that in imprisoning the defendant, and in instituting the criminal proceedings, and in making the arrest, the said J. C. Kenworthy was

Clancy v. Kenworthy.

not actuated by the motives of vindicating or enforcing the law against being found in a state of intoxication, but by some private and malicious purpose, and the sureties on the bond are not liable for such a trespass on the person, nor for such a malicious prosecution, neither being in any manner connected with his duty as constable."

This motion was overruled. The only error assigned by defendants involves the correctness of this ruling.

II. We are of the opinion that the petition alleges a sufficient cause of action against the defendants. The official character of the principal defendant, and that the arrest was made in the discharge of the functions of the office of the constable, are alleged. He was authorized to make the arrest without a warrant. Code, secs. 1548, 4109, 4200. The petition avers that the arrest was made under color and by virtue of the office of constable held by the principal defendant, but shows that it was unlawfully and oppressively made, without probable cause. It is thus shown that he partially, fraudulently and oppressively discharged the duties of the office in arresting plaintiff. It thus clearly appears, from the allegations of the petition, that the conditions of the bond were violated; and, as plaintiff is the injured party, he may maintain this action to recover on the bond the damages he has sustained.

III. But it is insisted that, as the constable is shown to have had no lawful authority to arrest plaintiff, his act was therefore not done in the line of his duty. In truth his act was in the line—direction—of official duty, but was illegal because it was in excess of his duty. In the discharge of official functions he violated his duty, and oppressed the plaintiff. This is all there is of it. If, in exercising the functions of his office, defendant is not liable for acts because they are illegal or forbidden by law, and for that reason are trespasses or wrongs, he cannot be held liable on the bond at all, for the reason that all violations of duty and acts of oppression result in trespasses or wrongs. For lawful acts in discharge of his duty he of course is not liable. It follows that, if

defendant's position be sound, no action can be maintained upon the bond in any case. In support of our conclusions, see *Tieman v. How*, 49 Iowa, 312.

The judgment of the district court is

AFFIRMED.