Minshall, C. J.
The action below was a suit against Hill, the city marshal of Bucyrus, and his sureties on his bond. To the petition as amended the court sustained a demurrer, and’ rendered judgment for the defendants. The judgment was affirmed on error, by the circuit court, and the ruling is brought here for review.
The petition alleges the election of Hill as marshal of the city of Bucyrus, and his qualification by giving bond in the sum of $1,000, as required by law, with Charles Clark, J. B. Morgan, and W. M. Reid his sureties thereon; conditioned that “if the said Charles E. Hill as such marshal of said city shall faithfully perform the duties of his said office, then this Obligation shall be void, and otherwise to remain in full force and virtue;” and then assigns as a breach of the bond:
“That the said Charles E. Hill, as marshal of said city of Bucyrus, on the 27th day of March, 1897, in his official capacity of marshal aforesaid, and by virtue of his said office of marshal, did unlawfully and without reasonable or probable cause, and without warrant or any process of any court, arrest this plaintiff upon the streets of said city .in the presence of divers and sundry good people, and then and there by virtue of his said office of marshal, did forcibly and unlawfully drag the plaintiff along and over the streets of said city to the jail or lockup of said city, in the .presence of divers and sundry good people, and did then and there in his official capacity of marshal, and by virtue of his said office, unlawfully, without warrant or any process of any court, incarcerate the plaintiff in said jail or lockup of said city, and then and there by virtue of his said office of marshal aforesaid, did unlawfully imprison the plaintiff in said *263 lockup or jail for the period of about two hours; and plaintiff says that said Charles E. Hill, while unlawfully having this plaintiff in his custody as aforesaid, did then and there in the presence of divers persons, unlawfully pinch plaintiff’s arm thereby bruising and wounding the same and causing plaintiff great pain, and did beat, wound and bruise plaintiff by striking him with his fist in plaintiff’s face, cutting and lacerating plaintiff’s lips and knocking one of his teeth loose, and did then and there unlawfully demand and receive of plaintiff the sum of five dollars for releasing plaintiff from said unlawful imprisonment,” and asks judgment for $1,000.
The question then presented is, whether the averments of the petition show a breach of the condition of the bond.
The contention of the defendant in error is, that it simply shows the commission of an assault and battery on the plaintiff, for which the defendant is liable in his capacity as an individual, and not in his capacity as an officer; or that the averments show that he simply acted under the color of his office and not in virtue of it. Some such distinction has been taken in some of the cases, but it is not generally followed, as it is of little practicable application. In Story v. Jennings, 4 Ohio St., 418, where a constable under a writ of replevin against B took the property of A it was held that the sureties on his official bond were liable. Thurman, J., delivering the opinion, says: “The authorities seem quite conclusive, that a seizure of the goods of A under color of process against B is official misconduct in the officer making the seizure; and is a breach of the condition of his official bond, where that is, that he will faithfully perform the duties of his office. The reason for this is, that the *264 trespass is not the act of. a mere individual, but is perpetrated colore officiiHe cites many cases in support of the holding, and among others, that of The People v. Schuyler, 4 Com., 173. That such is the generally received doctrine, see Brandt on Surety-ship, Sec. 566; Throop, Public Officers, Secs. 240, 241; Lowell v. Parker, 10 Met., 309, 313; Lammon v. Feusier, 111 U. S., 17, 22; Murfree, Official Bonds, Sec, 303.
It is not difficult to distinguish between an act done by an officer in his capacity as an individual, and one done in his capacity as an officer; for the former his sureties are not liable in any case, for the latter they generally are when the act is wrongful and results in injury to another. Constables and marshals are clothed with very considerable power over the citizen. They may without a warrant make an arrest on view for an offense committed in their presence, as well as on a warrant. The peace and good order of society, requires that they should have such powers; but the protection of the individual requires that the same should be exercised in a reasonable and prudent manner; and to secure this, a bond with sureties is exacted for the faithful discharge of their duties. An officer in making an arrest has the right to use such force as may be necessary to overcome any resistance to the execution of his office, offered by the person to be arrested; but he must use no more force or violence than is reasonably necessary for the purpose; and if he does he makes himself and his sureties liable upon his bond to the party injured. The averments of the petition are quite specific. It is averred that by virtue of his office, the marshal unlawfully arrested the plaintiff, struck, bruised and ill-treated him, dragged him through the streets, confined him in the jail and ex *265 acted five dollars for his release. It is true that it is averred that this was done without any warrant or probable cause. It does not follow from this that it was not done in his capacity as marshal. If he had no warrant, he had the right to arrest upon view of what he deemed an offense. The fact that it is averred that he acted by virtue of his office precludes the idea that he acted as an individual and of his own wrong. From the petition it appears that what he did, he did as an officer and not as an individual, and the averments of the petition are consistent with such having-been the fact. He may have made the arrest upon view, and have used no more force than was necessary. If such is the case, he and his sureties may defend themselves by setting up the facts in an answer. The petition therefore makes a case.
In the case of Clancy v. Kenworthy, 74 Iowa, 740, the facts were much the same as in this case, and the same argument was made against the sufficiency of the petition. In answer to the argument the court said:
“If in exercising the functions of his office, defendant is- not liable for acts because they are illegal or forbidden by law, and for that reason are trespasses or wrongs, he cannot be held liable on the bond at all, for the reason that all violations of duty and acts of oppression result in trespasses or wrongs. For lawful acts in the discharge of his duty he of course is not liable. It follows that if defendant’s position be sound, no action can be maintained on the bond in any case.”
It would seem that the public have as much interest, if not more, in the duty of an officer not to color-ably exercise the powers with which he is clothed, as not to use unnecessary violence, where he is- other *266 wise clearly within the duties of his office. It is by virtue of the office he holds that he may exercise its duties to the injury of another. It is not probable that any individual, not an officer, would have attempted to do what the marshal is charged with doing.
Our attention is called to the case of Carpenter v. Sloane, 20 Ohio, 327, as practically determining this one. A clerk and his sureties were sued on his official bond, for having issued letters to a guardian without having taken a bond. The court held that he was not liable on his bond for the reason that it was not his official duty to see that a bond had been given. Manifestly the case has no application here.
However the law may be in some of the other states, in this, and many of the others, where an officer acting under color of his official duties, commits a wrong to the injury of another, he, with his sureties, is liable on his bond to the party injured. The wrongful making of an arrest by an officer colore officii is an unfaithful discharge of his duties, and therefore a breach of his bond.

17udgment reversed and cause remanded for further proceedings.

Si-iauck, Davis, Spear, Burket and Williams, JJ.', concur.