KOSOWSKY v. FIDELITY & DEPOSIT CO. OF MARYLAND.

1. SHERIFFS AND CONSTABLES—OFFICIAL BOND—SUBSTANTIAL COMPLIANCE WITH STATUTE BINDS SURETY.

A sheriff's bond containing the essential requirement that the sheriff should "well and faithfully perform all and singular the duties incumbent upon him * * * as said sheriff," is a substantial compliance with the directory statute (1 Comp. Laws 1915, § 2442), and is therefore binding on the surety, although some statutory language was omitted.

As to liability of sureties on bond of officer for an illegal arrest, see annotation in 33 L. R. A. (N. S.) 275.

2. Same—When Surety Liable for Misconduct of Sheriff.
    The surety on a sheriff's official bond executed under 1 Comp. Laws 1915, § 2442, is liable to all persons unlawfully injured by nonfeasance, misfeasance, or malfeasance perpetrated by the sheriff, *virtute officii* or *colore officii.*

3. Same—Surety Liable for Injuries Inflicted Through Groundless Claims of Authority.
    Where the sheriff unlawfully assaulted and beat plaintiff, wrongfully arrested and imprisoned him in the jail, of which the sheriff was the keeper by virtue of his office, the surety on the sheriff's official bond executed under 1 Comp. Laws 1915, § 2442, is liable, although the sheriff's acts were mere bold, groundless claims of authority.

Error to Dickinson; Bell (Frank A.), J.   Submitted October 10, 1928.   (Docket No. 31, Calendar No. 33,924.)   Decided December 4, 1928.

Case by Anton Kosowsky against the Fidelity & Deposit Company of Maryland, surety on the official bond of Frank Cleveland, sheriff, for an assault and battery and false imprisonment.   Judgment for defendant *non obstante veredicto.*   Plaintiff brings error.   Reversed, and judgment ordered entered for plaintiff.

*Derham & Derham,* for appellant.

*Symonds & Rahm,* for appellee.

Wiest, J.   This is a suit against the surety on the official bond of Frank Cleveland, sheriff of Dickinson county, in 1926, to recover damages for assault and battery and false imprisonment.   The condition of the bond omitted some statutory language, but contained the essential requirement that the sheriff should "well and faithfully perform all and singular the duties incumbent upon him * * * as said sheriff."   While the terms of the official bond

are prescribed by 1 Comp. Laws 1915, § 2442, the statute is directory, and substantial compliance therewith binds the surety. The bond was the statutory one. Mechem, Public Officers, § 268.

May 20, 1926, plaintiff, at the city of Iron Mountain, was convalescing from an operation for a double hernia, and, having been advised by his physician to take moderate exercise, went out of his boarding house to the street steps, and, suffering pain, sat down. Just then the sheriff came along and said, "I am sheriff of Iron Mountain, Dickinson county, and I clean up the place," grabbed hold of plaintiff, jerked him from the steps, pounded him on the head, struck him in the ribs, led him to an automobile a short distance away, pushed him in, took him to the county jail, there locked him up, refused him leave to call his physician or attorney, kept him in jail until afternoon of the next day, and then took him before a justice of the peace, laid no charge against him, and plaintiff was released. A few days later the sheriff left for parts unknown. The sheriff had no warrant, and plaintiff had committed no offense. In the circuit court a jury awarded plaintiff $1,000 damages, and the circuit judge, notwithstanding the verdict, entered judgment for defendant, holding the surety not liable for the "unprovoked, unwarranted, unofficial, personal, acts of the sheriff, committed, if we may apply normal assumptions to his conduct, for there is no evidence on the subject, to satisfy a personal grudge." Plaintiff negatived ill-will.

The court was in error in holding the acts complained of were not committed, in the eye of the law, by virtue of or under color of office. The holding finds support in some jurisdictions, is sharply criticized and wholly rejected in others, and is opposed to the weight of modern authority. The opin-

ion in *Norris* v. *Mersereau,* 74 Mich. 687, committed this court to the modern rule of liability of the surety, and we affirmed the rule in *Bostatter* v. *Hinchman,* 243 Mich. 589, decided since the case at bar was heard in the circuit. The rule in this jurisdiction holds the surety liable to all persons unlawfully injured by nonfeasance, misfeasance, or malfeasance perpetrated by the sheriff, *virtute officii* or *colore officii. Norris* v. *Mersereau, supra; Bostatter* v. *Hinchman, supra.* This rule is in accord with the weight of authority. *Lee* v. *Charmley,* 20 N. D. 570 (129 N. W. 448, 33 L. R. A. [N. S.] 275); *American Guaranty Co.* v. *McNiece,* 111 Ohio St. 532 (146 N. E. 77, 39 A. L. R. 1289); *Geros* v. *Harries,* 65 Utah, 227 (236 Pac. 220, 39 A. L. R. 1297); 24 R. C. L. p. 965, § 59. See, also, *Clancy* v. *Kenworthy,* 74 Iowa, 740 (35 N. W. 427, 7 Am. St. Rep. 508), a case quite on all fours.

The old-time fiction between acts committed *colore officii* and *virtute officii* should no longer be regarded. See *Geros* v. *Harries, supra.*

The sheriff unlawfully assaulted and beat plaintiff, wrongfully arrested and imprisoned him in the jail, of which he was the keeper by virtue of his office, and the surety on his bond is liable.

As ground for not holding the surety, it is stated in the brief for defendant, that the acts of Cleveland were mere bold, groundless claims of authority, citing *State* v. *Mankin,* 68 W. Va. 772 (70 S. E. 764). We think that good ground for holding the surety liable.

The judgment is set aside, and the case remanded to the circuit court with direction to enter judgment for plaintiff on the verdict. Plaintiff will recover costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.