HILDA W. MITCHELL and Another, Respondents, v. MAX KLEIN, Defendant, and MURRAY STONE, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

THE MOUNT VERNON TRUST COMPANY, Respondent, v. MAY E. GINSBERG, Now Also Known as MAY E. GOLDING, Appellant.— Order granting plaintiff's motion for summary judgment, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

THE NUNS OF THE ORDER OF ST. DOMINIC, Appellant, v. TOWN OF HUNTINGTON and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

UMBERTO POLITANO, Appellant, v. AARON L. JACOBY, Respondent, and JAMES A. McQUADE, Defendant.* — Order dismissing complaint as to defendant Jacoby affirmed, with ten dollars costs and disbursements. No. opinion. Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., and Tompkins, J., dissent, with following memorandum: The case is presented on the theory that plaintiff had been illegally detained by defendant Jacoby prior and up to and including January 1, 1932, when the latter's term of office as sheriff of Kings county expired; that defendant Jacoby thereupon delivered plaintiff to his successor, defendant McQuade, by whom plaintiff was illegally detained until March 1, 1933. The action was commenced March 28, 1933. It is claimed by defendant Jacoby that the one-year Statute of Limitations (Civ. Prac. Act, § 51) applies, and that since his term of office expired January 1, 1932, any cause of action against him arose on that date; and as the action was commenced more than one year after that time, it is barred. At the time defendant Jacoby delivered plaintiff to his successor, the detention by defendant Jacoby was illegal. The delivery over to his successor was also illegal, and thus defendant Jacoby became a participant in the subsequent illegal imprisonment by his successor. (*Egleston* v. *Schiebel*, 113 App. Div. 798; *Bath* v. *Metcalf*, 145 Mass. 274.) The Statute of Limitations began to run upon plaintiff's release in March, 1933. (*Van Ingen* v. *Snyder*, 24 Hun, 81; *Dusenbury* v. *Keiley*, 8 Daly, 537; affd., 85 N. Y. 383.)