MAMIE R. JEMISON, Individually and on Behalf of MAMIE S. JEMISON and Others, et al., Appellants, v GRANTLEY E. CRICHLOW, Individually, as a Licensed Process Server and as a City Marshal, et al., Respondents.

Second Department, July 18, 1988

### APPEARANCES OF COUNSEL

*Joel A. Siegel* for appellants.

*Harry Blum* for Grantley E. Crichlow, respondent.

### OPINION OF THE COURT

BRACKEN, J.

CPLR 215 (1) provides, with one exception not relevant here, that any action against a Sheriff based "upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty" must be commenced within one year of the accrual of the cause of action. In the present case,

the plaintiffs seek to avoid a dismissal of their several causes of action by arguing, first, that the one-year Statute of Limitations contained in CPLR 215 (1) does not apply to City Marshals such as the defendant Grantley E. Crichlow (hereinafter Crichlow), and, second, that that Statute of Limitations does not apply where the asserted causes of action are based on allegations of intentional or malevolent misconduct.

This court having recently decided that CPLR 215 (1) does, in fact, apply to City Marshals as well as Sheriffs *(Kolomensky v Wiener,* 135 AD2d 505, *lv denied* 72 NY2d 873), we need not pause long before resolving the first issue against the plaintiffs. For the reasons stated below, we also reject the plaintiffs' alternative argument that, contrary to its plain terms, CPLR 215 (1) should be read so as to, in effect, except from its scope actions in which the misconduct alleged may be characterized as malicious. We therefore conclude that all but one of the plaintiffs' causes of action are barred by the provisions of CPLR 215 (1).

I

The plaintiffs allege, in their complaint, that Crichlow, a City Marshal and licensed process server, forcibly evicted them from their apartment on West 31st Street, Brooklyn, New York, on April 11, 1983, pursuant to a judgment of the Civil Court, Kings County, which had been entered upon their default. It is further alleged that prior to the execution of the judgment of the Civil Court, Crichlow had filed with that court an affidavit which falsely stated that he had previously served a dispossess notice upon the plaintiffs. It is also alleged that "[a]ll acts and omissions complained of defendant Crichlow herein were undertaken and conducted intentionally, deliberately, willfully, knowingly and voluntarily". The complaint also contains the allegation that the "[d]efendant Crichlow performed his duties in a negligent manner".

Based upon these allegations, among others, the plaintiffs sought a money judgment against Crichlow, for both compensatory and punitive damages, upon the following theories: (1) wrongful eviction, (2) conversion, (3) trespass to property, (4) trespass to chattels, (5) prima facie tort, (6) intentional infliction of emotional distress, (7) intentional interference with contractual and economic relations, (8) negligence, and (9) violation of the plaintiffs' constitutional rights (42 USC § 1983).

By notice of motion dated July 14, 1986, Crichlow applied for an order dismissing the complaint as against him on the basis that it was barred by the Statute of Limitations (CPLR 3211 [a] [5]; 215 [1]) and on the additional basis that it failed to state a cause of action (CPLR 3211 [a] [7]). In support of the motion, Crichlow's attorney averred that the summons and complaint were served on him on June 6, 1986, more than three years after the causes of action contained in the complaint had accrued.

In opposition to the motion, the plaintiffs' attorney stated that on April 10, 1986, one day before the expiration of the three-year Statute of Limitations (CPLR 214), he filed a summons in the office of the Clerk of the Supreme Court, Kings County, where the instant action is pending, and where Crichlow allegedly does business, so as to obtain a 60-day extension pursuant to CPLR 203 (b) (5). The record contains a copy of this summons, dated April 9, 1986, which includes a brief notice as to the nature of the action (see, CPLR 305 [b]; *Frerk v Mercy Hosp.,* 63 NY2d 635). Crichlow does not contend that Kings County is not his place of business, and acknowledges that he was subsequently served with the summons on June 6, 1986.

Special Term agreed with Crichlow that the plaintiffs' several causes of action were all barred by the Statute of Limitations set forth in CPLR 215 (1). We conclude that the first eight of the plaintiffs' claims were properly dismissed as time barred, but that the order under review should be modified so as to reinstate the plaintiffs' ninth cause of action.

## II

By filing a copy of a summons with notice with the Clerk of the Supreme Court, Kings County, within three years of their eviction, and by subsequently serving a copy of a summons with notice on Crichlow within 60 days of when the three-year Statute of Limitations would otherwise have run, the plaintiffs are deemed to have interposed their claims within three years of the accrual of their causes of action (CPLR 203 [b] [5] [i]). Thus, those claims which are governed by a three-year Statute of Limitations (CPLR 214) have been timely interposed, while those governed by a one-year Statute of Limitations (CPLR 215) are time barred. Before addressing the applicability of CPLR 215 (1), which provides a one-year Statute of Limitations for certain actions brought against certain public offi-

cials, it will be helpful to identify the Statutes of Limitation which ordinarily would apply, in general, to the plaintiffs' several claims.

■ The plaintiffs' first cause of action for wrongful eviction is governed by a one-year Statute of Limitations and is therefore time barred irrespective of the applicability of CPLR 215 (1). This court held, in *Kolomensky v Wiener (supra)* that the one-year Statute of Limitations which governs intentional torts (CPLR 215 [3]) applies to causes of action for wrongful eviction. Similarly, the plaintiffs' seventh cause of action for intentional infliction of emotional distress is also governed by a one-year Statute of Limitations and so is time barred *(see, Goldner v Sullivan, Gough, Skipworth, Summers & Smith,* 105 AD2d 1149, 1151; *Schulman v Krumholz,* 81 AD2d 883). Those causes of action were therefore properly dismissed.

■ The plaintiffs' other seven claims, aside from consideration of CPLR 215 (1), involve three-year Statutes of Limitation. Claims for conversion, trespass to property, and trespass to chattels, are all "action[s] to recover damages for an injury to property" governed by CPLR 214 (4) *(see, Sporn v MCA Records,* 58 NY2d 482; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48). It has also been held that the tort of intentional interference with contractual relations involves an injury to property governed by the three-year Statute of Limitations of CPLR 214 (4) *(see, Rolnick v Rolnick,* 29 AD2d 987, *affd* 24 NY2d 805; *Kartiganer Assocs. v Town of New Windsor,* 108 AD2d 898, 899, *appeal dismissed* 65 NY2d 925; *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244; *Frigi-Griffin, Inc. v Leeds,* 52 AD2d 805, 806, n 2; *Von Ludwig v Schiano,* 23 AD2d 789, 790). A claim under the Federal Civil Rights Act (42 USC § 1983) is also governed by a three-year Statute of Limitations *(see, 423 S. Salina St. v City of Syracuse,* 68 NY2d 474, 486-487, *cert denied* — US —, 107 S Ct 1880; *Fields v Board of Higher Educ.,* 94 AD2d 202, *affd* 63 NY2d 817). We also are of the opinion that a cause of action for prima facie tort should be governed by a three-year Statute of Limitations where, as in the present case, the injury alleged is essentially to the plaintiffs' economic interests, rather than to their reputation *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214:5, at 431-432; *cf., Morrison v National Broadcasting Co.,* 19 NY2d 453). A negligence cause of action is likewise governed by a three-year Statute of Limitations (CPLR 214

[4]). The foregoing seven causes of action would therefore be timely, unless CPLR 215 (1) requires otherwise.

## III

■ CPLR 215 (1) provides that a Statute of Limitations of one year shall apply to "an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty". This court has recently held that this provision applies to City Marshals as well as Sheriffs *(Kolomensky v Wiener, supra)*.

■ The plaintiffs seek to avoid the effect of our decision in *Kolomensky v Wiener (supra)* by arguing that CPLR 215 (1) does not apply where, as in the present case, it is alleged that the wrongful acts or omissions committed by a City Marshal in his official capacity were done in bad faith, or with an intention to cause injury to the plaintiffs. In order to avoid the effect of CPLR 215 (1) the plaintiffs argue that the jury could find that Crichlow did not commit a bona fide mistake in executing the warrant of eviction, but intentionally procured that warrant with an intent to cause injury to the plaintiffs or to benefit himself in some way, so that he is deprived of the protection of the one-year statute. If this argument were valid, then the causes of action based on intentional misconduct would survive; the negligence cause of action, if this argument were correct, would nonetheless be subject to dismissal. However, for the reasons that follow, we find that this argument is without merit.

CCA 701 (a) provides that all processes and mandates of that court "shall be served or executed by the sheriff of the city of New York or by a city marshal". Pursuant to section 401 (c) of that act, notices of petition in summary proceedings to recover possession of real property are issued by the Civil Court, and hence, are served by a City Marshal or Sheriff. There can be no doubt, then, that Crichlow was acting by virtue of his authority as a City Marshal when he executed the warrant of eviction at the plaintiffs' apartment, or that he failed in the performance of his official duty when he (allegedly) neglected, or intentionally omitted, to make service of the prior eviction documents. The complaint, in fact, alleges that Crichlow's actions were "under pretense and color of law and [in] his official capacity".

It has been held that "[t]he liability to which this short limitation period [CPLR 215 (1)] applies is coextensive with

the liability against which a Sheriff must be bonded" *(Adams v County of Rensselaer,* 66 NY2d 725, 727, citing *Taylor v Mayone,* 626 F2d 247; *Regan v Sullivan,* 557 F2d 300, 305, n 2; *Ingo v Koch,* 127 F2d 667; *Dixon v Seymour,* 62 AD2d 444). CCA 1604 (a) requires that all City Marshals execute a bond providing that the Marshal and two sureties "shall jointly and severally answer to * * * any persons that may complain, for the true and faithful execution by such marshal of the duties of his office".

It is therefore apparent that a holding that the short limitations period provided for in CPLR 215 (1) does not apply to cases involving deliberate misconduct by a City Marshal would, in effect, also constitute a holding that City Marshals (or Sheriffs, or Constables) need not be bonded against such liability. This, in turn, would go a long way towards eroding the protection these bonds are intended to provide for the people against the harmful acts done by officers who abuse the public trust. The central question to be addressed in deciding the applicability of CPLR 215 (1) is whether the acts or omissions upon which the plaintiffs seek to impose liability upon Crichlow were acts committed within the scope of his office, or omissions of duties enjoined upon him by his office. The question is not whether the acts or omissions complained of were motivated by a malicious purpose, or intended to harm. This is so because whether Crichlow's surety would be liable on the bond depends not on whether Crichlow acted maliciously, but instead on whether Crichlow's acts were committed by virtue of, or under color of, his office.

"A surety, by the more liberal rule, is liable to all persons unlawfully injured by nonfeasance, misfeasance, or malfeasance by a sheriff or constable, by virtue of his office or under color of his office" (9A Appleman, Insurance Law and Practice § 5541, at 155). Since Crichlow was given by his office the authority to serve the process of the Civil Court, it follows that if he exercised that authority in an improper manner (or failed to exercise it in a proper manner), his surety would be liable for the resulting injuries, since those acts or omissions would have been done by virtue of his office. "Acts done by virtue of office are those within the authority of the officer by the duties imposed upon him, but in the doing of which he negligently *or wilfully* cause[s] harm to others." (Simpson, Suretyship, at 434 [emphasis added].) This rule is reflected in New York's case law on the subject.

In *Dennison v Plumb* (18 Barb 89, 90), while explaining the

distinction between acts done *colore officii* and those done *virtute officii* (a distinction which may no longer have any relevance *[see, Dixon v Seymour,* 62 AD2d 444, 447-449; 9A Appleman, Insurance Law and Practice § 5541, at 155; Simpson, Suretyship, at 434-435]) the court stated that "when, in doing an act within the limits of his authority, [a Sheriff] exercises that authority improperly, or abuses the confidence which the law reposes in him, to such cases the [predecessor of CPLR 215 (1)] extends".

In *Politano v Jacoby* (264 NY 686, *affg* 241 App Div 820), an action against a Sheriff for unlawful imprisonment was held to be barred by the one-year Statute of Limitations. The plaintiff in *Politano v Jacoby (supra)* had been illegally incarcerated by the defendant Sheriff for several months.

In *Wiener v Ellrodt* (268 NY 646, *affg* 243 App Div 820), the act of a Sheriff in falsely attesting that he had made personal service of process was held to be an act within the Sheriff's official capacity, so that the shorter limitation period provided in Civil Practice Act § 51 (1) (the predecessor of CPLR 215 [1]) should apply.

In *Eckstein v Massachusetts Bonding & Ins. Co.* (281 NY 435, 438-439, *rearg denied* 282 NY 590 [emphasis supplied]), the court stated that the bond of a Marshal of the City of New York protects against the officer's malfeasance "while performing judicial functions where he has *maliciously* deprived a person of his property or rights (57 C.J. p. 793)", as well as while acting within the scope of his official duties and performing ministerial functions. This statement would certainly be inconsistent with a holding that Sheriffs (or Marshals) who act maliciously in the exercise of their duties are not covered by their official bonds.

More recently, several courts have applied the one-year Statute of Limitations of CPLR 215 (1) in actions against Sheriffs for various intentional torts *(see, e.g., Nichols v County of Rensselaer,* 129 AD2d 167, 170 [malicious prosecution and abuse of process]; *Stalteri v County of Monroe,* 107 AD2d 1071 [false arrest, abuse of process]; *Passonno v County of Rensselaer,* 87 AD2d 693 [false arrest, false imprisonment]; *Terry v County of Orleans,* 72 AD2d 925, 926 [slander]). Such cases would be difficult to harmonize with the rule that the plaintiffs propose we should now adopt, namely, that intentional wrongs committed by Sheriffs (or City Marshals) are not covered by the period of limitations set forth in CPLR 215 (1).

None of the New York appellate cases cited by the plaintiffs hold that CPLR 215 (1) is inapplicable where the conduct of the defendant Sheriff or Marshal is alleged to have been in "bad faith". With respect to the seminal Federal case which might support the plaintiffs' argument *(Ingo v Koch,* 127 F2d 667), we find that the following remarks of Circuit Judge Augustus N. Hand, in dissent, constitute a persuasive demonstration that the opinion of the majority in that case was not supported by New York law:

"The distinction is sought to be drawn between acts in excess of a sheriff's authority, which he purports to do as sheriff, and acts which are done both in excess of authority and maliciously, that is to say, for some consciously personal and unlawful end. I can see no justification for distinguishing between the latter class of acts and those dealt with by the New York Court of Appeals in Wiener v. Ellrodt, 268 N.Y. 646, 198 N.E. 537, and Politano v. Jacoby, 264 N.Y. 686, 191 N.E. 627, which are very recent decisions. Moreover, the language of the court in Eckstein v. Massachusetts Bonding & Ins. Co., 281 N.Y. 435, 24 N.E.2d 114, 116, 125 A.L.R. 1143, indicates that the distinction suggested is untenable * * *

"To hold that the sureties on the sheriff's bond would not be liable for imprisonment of the plaintiff because of the sheriff's malicious motives would involve a novel doctrine of suretyship not warranted by the New York authorities. The deputy sheriff lawfully took the plaintiff into custody under the bench warrant. While, in taking her to prison instead of before a magistrate, he exceeded his authority, very soon afterwards he placed her in the hospital pursuant to an order of the county judge. All these things were done 'in his official capacity.' They did not cease to be 'official' because of any malicious motive and the sureties would not be exempt from liability because such a motive existed. This, I think, is the New York law and is the law of nearly all other jurisdictions. Kosowsky v. Fidelity & Deposit Co. of Maryland, 1928, 245 Mich. 266, 222 N.W. 153; Stark Hickey, Inc. v. Standard Acc. Ins. Co., 291 Mich. 350, 289 N.W. 172; Clancy v. Kenworthy, 74 Iowa 740, 35 N.W. 427, 7 Am. St. Rep. 508; Powell v. Fidelity & Deposit Co. of Maryland, 1932, 45 Ga. App. 88, 163 S.E. 239; Indiana ex rel. Tyler v. Gobin, C.C., 94 F. 48; Greenberg v. People to Use of Balaban, 225 Ill. 174, 80 N.E. 100, 8 L.R.A., N.S., 1223, 116 Am. St. Rep. 127; Commonwealth v. De Luca, 131 Pa. Super. 451, 200 A. 712; Branch v. Guinn, Tex. Civ. App., 242 S.W. 482. See also Wieters v. May, 71 S. C. 9, 50 S.E. 547;

State v. Mankin, 68 W. Va. 772, 70 S.E. 764; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794." *(Ingo v Koch, supra,* at 681-682.)

The cases cited in Judge Hand's dissent support the rule that, in general, a Sheriff's performance bond will cover liability which is based upon acts or omissions which constitute an intentional or malicious abuse of power. In *Powell v Fidelity & Deposit Co.* (45 Ga App 88, 163 SE 239), the Georgia court held that a Sheriff who without provocation shot and killed his prisoner was acting within his official capacity so as to render his surety liable *(see also, Smith v Glens Falls Indem. Co.,* 71 Ga App 697, 32 SE2d 105). In *Kosowsky v Fidelity & Deposit Co.* (245 Mich 266, 222 NW 153), the Michigan court held that a Sheriff's bond covered the liability of a Sheriff who wrongfully assaulted and beat a prisoner. In *Stark Hickey, Inc. v Standard Acc. Ins. Co.* (291 Mich 350, 289 NW 172), the bond was held to cover liability imposed upon a Constable for damages caused by his fraudulent execution of a bill of sale.

The list of cases cited by Judge Hand in his *Ingo* dissent may be supplemented by the following, among others:

In *Meeks v Douglas* (108 Ga App 424, 425, 133 SE2d 768, 769), a Sheriff's bond was held to extend to liability for the injury to the plaintiff's property and privacy caused when the Sheriff wrongfully caused a search warrant to be executed "in bad faith".

In *State, Use of Hill v Fidelity & Deposit Co.* (200 Md 194, 203, 88 A2d 457, 461), the Court of Appeals of Maryland held that a surety on a Sheriff's bond was liable where, "in the discharge of the duties of his office, [the Sheriff] brutally assaults a person without provocation or necessity".

In light of the weight of authority from the other jurisdictions mentioned above, which in our view comports with the relevant New York precedent, we reject the holding of the Second Circuit in *Ingo v Koch (supra)* to the extent that it can be read as espousing a rule that Sheriffs' or Marshals' performance bonds need not protect the public against harm resulting from official misconduct of an intentional or malicious nature. Those cases which followed the rationale of *Ingo v Koch (supra; see, e.g., Paschall v Mayone,* 454 F Supp 1289, 1297; *see also, Carrasco v Klein,* 381 F Supp 782, 788-789 [addressing but not deciding issue]) are also unpersuasive.

We therefore conclude that Crichlow would be liable in his

official capacity, and hence, covered by the bond which it was his duty to obtain, if the plaintiffs were able to prove their allegations. "The theory that when the sheriff acts viciously, immoderately and with excessive force * * * he becomes *ipso facto* accountable to an injured person in his private capacity only, is not a reasonable one" *(State ex rel. Price v Honeycutt,* 216 NC 270, 275, 4 SE2d 611, 614). Since Crichlow would be liable in his official capacity upon proof of the plaintiffs' allegations, and since his surety would thus also be liable, we conclude that the one-year Statute of Limitations set forth in CPLR 215 (1) applies. In light of the applicability of the one-year Statute of Limitations set forth in CPLR 215 (1), all of the plaintiffs' State common-law causes of action are time barred.

## IV

■ However, the same result does not obtain with respect to the plaintiffs' action under the Federal Civil Rights Act of 1871 (42 USC § 1983). In *Wilson v Garcia* (471 US 261), the United States Supreme Court held that 42 USC § 1983 must be construed so as to contain "a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims" *(Wilson v Garcia, supra,* at 275; *see also, 423 S. Salina St. v City of Syracuse,* 68 NY2d 474, 486-487, *supra).* In *Wilson v Garcia (supra),* for example, the Supreme Court upheld the application, to a 1983 action against a New Mexican police officer, of the three-year Statute of Limitations generally applicable to personal injury actions in that State, even though New Mexico law provided for a shorter (two-year) period of limitations in tort actions against public employees. Pursuant to *Wilson v Garcia (supra),* our highest court has determined that the proper Statute of Limitations to be applied in this State in actions based upon 42 USC § 1983 is the three-year Statute of Limitations *(423 S. Salina St. v City of Syracuse, supra; Fields v Board of Higher Educ.,* 63 NY2d 817, *affg* 94 AD2d 202, *supra).* We must therefore apply the three-year Statute of Limitations to the plaintiffs' claim pursuant to 42 USC § 1983 notwithstanding the provisions of CPLR 215 (1) *(see also, Okure v Owens,* 816 F2d 45 [2d Cir], *cert granted —* US —, 108 S Ct 1218).

■ Finally, we note that Crichlow's motion was also one to dismiss the complaint for failure to state a cause of action. The only argument advanced on appeal in this regard is the

argument that the allegations made in support of the plaintiffs' 42 USC § 1983 claim are legally insufficient because no class-based discrimination had been alleged (citing, *Griffin v Breckenridge,* 403 US 88). This argument is ill-founded for the simple reason that *Griffin v Breckenridge (supra)* was decided in connection with 42 USC § 1985 (3), a statute which expressly required class-based discrimination. The plaintiffs' civil rights claim is under a completely different statute.

This was the only argument specifically advanced on appeal with respect to the sufficiency of the plaintiffs' allegations, and "we express no opinion as to whether the allegations of the complaint are legally insufficient for any reason [not] specifically raised on this appeal" *(Savino v Board of Educ.,* 123 AD2d 314, 315).

For the foregoing reasons, the order under review should be modified so as to provide for the denial of defendant Crichlow's motion to dismiss the plaintiffs' ninth cause of action. As so modified, the order should be affirmed.

MANGANO, J. P., LAWRENCE and SPATT, JJ., concur.

Ordered that the order is modified, on the law, by deleting therefrom the provision which dismissed the ninth cause of action as against both of the defendants, and substituting therefor a provision denying that branch of the defendant Chrichlow's motion which was to dismiss that cause of action; as so modified, the order is affirmed, without costs or disbursements.