## UNITED STATES FID & GUAR CO v GREEN

Ohio Appeals, 2nd Dist, Franklin Co

No 2410. Decided Dec 21, 1934

## OPINION

By BARNES, J.

The plaintiff in first bringing his action against the constable and thereafter against his bondsman adopted the procedure followed in the case of **United States Fidelity and Guaranty Company v Samuels, 116 Oh St, 586.**

Counsel for the Guaranty Company in the petition in error set out eight separate specifications of error. However, in the brief all seem to be buttressed on a single question, as follows: The failure of plaintiff to present any evidence showing or tending to show that no part of the origin-

al judgment against the constable, Chrysler, has been paid.

The petition of the plaintiff, Green, in the instant case so alleged and the admissions and denials of the answer left this an issuable fact, if material to plaintiff's case.

In the original brief of counsel for the Guaranty Company, no authorities are cited on the question of the materiality or burden of proof on the question of payment or nonpayment.

The trial court in defining the issues did place the burden upon the plaintiff, Green, to prove this allegation of the petition. In subsequent reply brief and supplemental brief it seems to be conceded by counsel that the question should turn on whether or not the bond executed by the Guaranty Company was a surety bond or a guaranty bond.

The briefs elucidate this question very fully.

The section of the Code requiring bond should be helpful. The section is §3328, GC, and therein it is provided that a constable before entering on his duties, shall give a bond with **sureties.** (Black face ours). The bond itself as presented in evidence designates the Guaranty Company as a surety. Further recital under the condition of the bond is as follows: "We bind ourselves, our heirs executors, administrators, successors or assigns, jointly and severally, firmly by these presents."

28 **Corpus Juris,** page 892, quoting last part of section, is as follows:

"And its terms import a direct or primary obligation, in which case it is a contract of suretyship and not of guaranty."

In the case of **State of Ohio, for the use of the Treasurer of State v George Bowman et, 10 Ohio, page 445,** it was declared that liability under the bond was joint and several, even though the principal had not signed the bond.

In the following cases in Ohio we find action has been brought against the principal and his bondsmen:

**State v Jennings, 4 Oh St, 419;**

**Place v Taylor, 22 Oh St, 317;**

**State ex v McKinnon et, 9 N.P., N.S., 513;** Affirmed without report by the Supreme Court;

**State v William S. McKinnon et, 11 N.P., N.S., 165;**

**The American Guaranty Company v Mc-Niece, 111 Oh St, 532.**

The McNiece case, supra, involved a shooting by officers while acting under color of their office, and therein the bondsmen were joined with the principals in the original action.

It is a noticeable fact that in all the reported cases in actions on official bonds, the bondsman is referred to as surety. We have not been able to find any instance under Ohio decisions where the question has been raised.

It is our conclusion that the Guaranty Company in executing his bond for Chrysler, constable, became a surety. By reason thereof the matter of payment is defensive. It is not an uncommon form of pleading for the plaintiff, in bringing an action on a promissory note, to allege that no part had been paid. It does not change the burden of proof. If the defendant claims payment, he must set it up by proof. This question is very fully discussed in **Volume 31, Ohio Jurisprudence, page 243, §§173 and 174.** We also make reference to Ruling Case Law, Volume 21, page 115, §127.

The case of **Gravell v Speakman et, 8 N. P., N.S., 246,** contains a well considered opinion by the late Judge Kinkead, of the Franklin County Common Pleas Court. The first syllabus in this case announces the now well recognized principle that an officer may be joined with his surety in an action on the official bond. The question was raised that the petition did not negative payment. On page 248, the able jurist said that such allegations are unnecessary.

We have examined the record as to all alleged grounds of error. We find no prejudicial error. The judgment of the lower court will be affirmed. Costs will be adjudged against the plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.