**NEFF, Plaintiff, v. PALMER AND OHIO CASUALTY COMPANY, A Corporation, Defendants.**

Common Pleas Court, Fayette County.

No. 21649. Decided December 11, 1953.

Winston W. Hill, Hill & Hill, Washington C. H., for plaintiff. W. S. Paxson, Washington C. H., for defendants.

**OPINION**

By CASE, J.

On August 4, 1953, Plaintiff filed his petition herein which reads as follows:

"Plaintiff states that defendant, The Ohio Casualty Insurance Company, is a corporation organized under the laws of the State of Ohio, and as such is and was at all times hereinafter mentioned, authorized to do a general surety business within said state; that on the 13th day of July, 1953, said defendant, Robert C. Palmer, was a policeman and patrolman of the city of Washington, Fayette County, Ohio; that on the 25th

day of August, 1950, as well as on said 13th day of July, 1953, Sections 42 and 43 of the General Ordinances of said city were in full force and effect and read, in part, as follows to wit:

"**Section 42** '* * * That the following officers and employees of said City shall give bond in the amount set out herein; that surety thereon, except on the bond of the City Manager shall be approved by the City Manager; * * *'

"Policeman _____$1,000.00

"**Section 43** '* * * A surety company authorized to do business in this state shall be sufficient surety on the bond of any officer or employee above described * * *'

"Plaintiff further states that on said 25th day of August, 1950, said defendant, Robert C. Palmer, duly qualified as said policeman and patrolman for an indefinite term by giving bond in the sum of $1,000.00 as required by said ordinance with said defendant, The Ohio Casualty Insurance Company, as surety thereon; that said bond was thereupon approved by the City Manager of said city; that said bond was and is expressly conditioned that said defendant, Robert C. Palmer, would well, truly, and faithfully perform all official duties required of him by law; that on said 13th day of July, 1953, said defendant, Robert C. Palmer, in his official capacity as said policeman and patrolman, and by virtue of said office, falsely, maliciously, and without reason or probable cause charged said defendant in the Municipal Court of said city with unlawfully and feloniously carrying about his person a dangerous weapon, to wit; a Colt, .38 Detective Special Revolver No. 583,054; that said defendant, Robert C. Palmer, caused a warrant to be issued for the arrest of said plaintiff on said charge; that defendant, Robert C. Palmer, arrested said plaintiff under said warrant; that thereupon said plaintiff was imprisoned for three hours, and to secure his release was compelled to give bond; that on the 15th day of July, 1953, at the trial of said cause said plaintiff was acquitted of said charge and said prosecution is wholly ended and determined; that said charge, arrest, and trial, was reported by the newspaper of said city; that by reason thereof said plaintiff has been greatly injured in his credit and reputation; that he incurred an expense of Fifty Dollars ($50.00) for counsel fees in defending himself; and that by reason of the facts herein set forth said plaintiff has been and now is damaged in the sum of Five Thousand Dollars ($5,000.00).

"Wherefore, plaintiff prays judgment against said defendants for said sum of Five Thousand Dollars ($5,000.00) together with the costs of this action."

On August 4, 1953, summons was issued thereon; and the

Sheriff's Return thereof was filed on August 7, 1953, which reads, in part, as follows:

"The State of Ohio, Fayette County.

"Received this writ August 5th, 1953, at 2:30 o'clock P. M. And on August 7th 1953, I served the within named Robert C. Palmer and The Ohio Casualty Co., Mac Dews Agent by personally handing to each of them a true and certified copy thereof · with all the endorsement thereon"

On September 4, 1953, Defendants filed their demurrer to the aforesaid petition which reads as follows:

"Defendants demur to the petition because it appears on its face;

"1. That there is a misjoinder of parties defendant;

"2. That several causes of action are improperly joined;

"3. That separate causes of action against several defendants are improperly joined."

Said demurrer was accompanied by a memorandum which reads as follows:

"MEMORANDUM.

"Secs. 11309, 11255 GC

"30 O. Jur. 765

"Reidy v. Deitsch 7 O. N. P. 620, 10 O. D. n. p. 382

"32 O. Jur. · 1002

"Solomon v. Allaback 26 N. P. n. s. 145."

It is noted that no memorandum or brief contra said demurrer has been filed on behalf of Plaintiff herein.

The first case cited by Defendants in support of their demurrer herein is Reidy v. Deitsch, 7 O. N. P. 620, 10 O. D. n. p. 382, decided by the Superior Court of Cincinnati, Special Term, May, 1900, and the first headnote thereto reads as follows:

"Sureties on a bond of a member of the police force, under Sec. 1882, Rev. Stat., can be subjected to liability only upon judgment against such officer. They cannot, therefore, be joined in the original action against the officer for damages." (10 O. D. n. p. 382.)

The reasoning by which that court reached such determination appears on page 383 (10 O. D.) and reads as follows:

"Upon motion of counsel for Caleb Dodsworth and Herman P. Goebel, defendants in this case, the court has ordered a judgment in favor of those defendants, Caleb Dodsworth and Herman P. Goebel, **because it appears that they were bonds-men upon Colonel Deitsch's bond, and the statute in such case seems to provide that the bondsmen are liable to answer only for a judgment, which has been rendered against a police officer, and as no judgment has yet been rendered, they are**

**properly dismissed from this action.** Any verdict, therefore, that you may render in favor of the plaintiff against the defendant, will be against Philip Deitsch only." (Emphasis by the court.)

This Court has emphasized that portion of the above quoted decision which appears to explain the reasoning by which said court arrived at its holding that sureties on a police officer's bond could not be joined in the original action against such officer for damages.

We must now look to the provisions of the statute referred to by said court concerning that language whereof that court stated "the statute in such case seems to provide that the bondsmen are liable to answer only for a judgment, which has been rendered against a police officer, and as no judgment has yet been rendered, they" (the bondsmen) "are properly dismissed from this action."

The pertinent portion of Section 1882, Revised Statutes of Ohio, as in effect at the time of said decision, reads as follows:

"* * * and each patrolman shall give a bond in the sum of one thousand dollars; said bonds shall each have two sureties, and shall be conditioned on the faithful discharge of the duties of the principal, **and for the payment of any damages that may be adjudged against such principal by any competent tribunal for the illegal arrest or imprisonment, or injury by him, of any person**; * * *." (Emphasis by the Court.)

And, although said section was amended by an act passed April 16, 1900 (Senate Bill No. 357, Volume 94, Ohio Laws, pages 292 and 293), the pertinent language used therein provided **"and for the payment of any damages that may be adjudged against them by any tribunal for the illegal arrest, imprisonment or injury by them of any person."**

As to causes which could be joined under the statutory laws of Ohio in force and effect in 1900, we note with interest Judge Spiegel's decision in the case of Murphy v. Cincinnati, 10 O. D. 541, which held, according to the headnote thereto, as follows:

"It is proper to unite legal and equitable causes of action, or one sounding in tort and another in contract, if included in the same transaction, and connected with the same subject matter."

The law and facts by which Judge Spiegel arrived at that decision are clearly and fully stated in the opinion as follows:

"Defendant, the city of Cincinnati, demurs to the petition in this cause filed because several causes of action stated therein are improperly joined.

"Plaintiff, in his first cause of action, alleges that the city

wrongfully, without notice to him, appropriated a certain part of his real estate for street purposes, for which he asks damages in the sum of $500. In his second cause of action plaintiff alleges that the city, after making said street, levied an assessment upon the abutting real property, wrongfully, as he claims, which he paid, in the sum of $34.09, and for which sum he asks judgment. In his third cause of action plaintiff alleges the same state of facts as to a second assessment for $71.83, for which he also asks judgment and a restraining order against all further assessments.

"Old sec. 5019, now sec. 502, Rev. Stat., provides that the plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, when they are included in the same transaction or transactions connected with the same subject of action. Judge Swan, in **Sturges v. Burton, 8 Oh St 15, 18,** lays down the following rule, which has been followed in all code states:

" 'By the provisions of the code, the plaintiff may unite in one action all causes of action arising from "the same transaction or transactions connected with the same subject of action;" and this includes causes of action legal and equitable, **ex contractu** and **ex delicto.** But if the causes of action do not arise from the same transaction or transactions connected with the same subject of action, then causes of action **ex contractu** can not, in general, be united with causes of action **ex delicto.** '

"The first question to be determined is, were these different causes of action included in the same transaction or transactions connected with the same subject of action?

"Plaintiff claims that a part of his real property is illegally appropriated by the city for street purposes, and that thereafter the remainder of his real property is assessed for the making of this same street. There are clearly several causes of action included in transactions connected with the same subject of action. It is true that the first cause of action sounds in tort, but I doubt whether the assessments levied by the city upon plaintiff, which he complains are illegal, establish a contractual relation between him and the city. At the most plaintiff has united legal and equitable causes of action in his petition, which is clearly permissible under the statute, when they are included in the same transaction, connected with the same subject of action. But even were different causes of action, one sounding in tort and the other in contract, united, if included in the same transaction, as in this case this would be proper pleading.

"Upon either proposition the demurrer must be overruled, and leave is granted defendant to plead further."

In the case of **Drolesbaugh v. Hill et al, 64 Oh St, 257,** decided March 12, 1901, the Supreme Court of Ohio held:

"The sureties on the bond of an officer, conditioned for the faithful discharge of his duties, are liable thereon to the party injured, where under color of his office in making an arrest with or without warrant, and without probable cause, he uses more force and violence than is necessary."

Chief Justice Minshall wrote the court's opinion in said case and, concerning the joinder and liability of a police officer and his sureties under the facts therein set forth, stated in part as follows, beginning at page 6 thereof:

**"The action below was a suit against Hill, the city marshal of Bucyrus, and his sureties on his bond. To the petition as amended the court sustained a demurrer, and rendered judgment for the defendants.** The judgment was affirmed on error, by the circuit court, and the ruling is brought here for review." (Emphasis by the court.)

The above quoted portion, emphasized by this Court, indicates that the joinder of parties therein was similar to the joinder of the Defendants in the instant case at bar; and that the lower courts, in ruling upon the demurrer filed therein, sustained such a demurrer as has been filed in this case at bar.

While the grounds of said demurrer are not detailed in Judge Minshall's opinion, the allegations contained in plaintiff Drolesbaugh's petition are set forth in detail, including quotations therefrom, and such detailed allegations thereof are clearly similar to the allegations set forth in Plaintiff Neff's petition in the instant proceeding.

At **page 263 (Drolesbaugh v. Hill, 64 Oh St),** immediately following the history of the case and such detailed review of the allegations set forth in Drolesbaugh's petition, including the judgment asked for, Judge Minshall states the question to be determined by the Supreme Court in the following language:

"The question then presented is, whether the averments of the petition show a breach of the condition of the bond."

At **pages 264, 265 and 266,** Judge Minshall concludes the reasoning of the court with the following language:

"It is not difficult to distinguish between an act done by an officer in his capacity as an individual, and one done in his capacity as an officer; for the former his sureties are not liable in any case, for the latter they generally are when the act is wrongful and results in injury to another. Constables and marshals are clothed with very considerable power over the citizen. They may without a warrant make an arrest

on view for an offense committed in their presence, as well as on a warrant. The peace and good order of society requires that they should have such powers; but the protection of the individual requires that the same should be exercised in a reasonable and prudent manner; and to secure this, a bond with sureties is exacted for the faithful discharge of their duties. An officer in making an arrest has the right to use such force as may be necessary to overcome any resistance to the execution of his office, offered by the person to be arrested; but he must use no more force or violence than is reasonably necessary for the purpose; and if he does he makes himself and his sureties liable upon his bond to the party injured. **The averments of the petition are quite specific.** It is averred that by virtue of his office, the marshal unlawfully arrested the plaintiff, struck, bruised and ill-treated him, dragged him through the streets, confined him in the jail and exacted five dollars for his release. **It is true that it is averred that this was done without any warrant or probable cause.** It does not follow from this that it was not done in his capacity as marshal. If he had no warrant, he had the right to arrest upon view of what he deemed an offense. **The fact that it is averred that he acted by virtue of his office precludes the idea that he acted as an individual and of his own wrong.** From the petition it appears that what he did, he did as an officer and not as an individual, **and the averments of the petition are consistent with such having been the fact.** He may have made the arrest upon view, and have used no more force than was necessary. If such is the case, he and his sureties may defend themselves by setting up the facts in an answer. **The petition therefore makes a case.**

"In the case of Clancy v. Kenworthy, 74 Iowa, 740, the facts were much the same as in this case, and the same argument was made against the sufficiency of the petition. In answer to the argument the court said:

" 'If in exercising the functions of his office, defendant is not liable for acts because they are illegal or forbidden by law, and for that reason are trespasses or wrongs, he cannot be held liable on the bond at all, for the reason that all violations of duty and acts of oppression result in trespasses or wrongs. For **lawful** acts in the discharge of his duty he of course is not liable. It follows that if defendant's position be sound, no action can be maintained on the bond in **any** case.'

"It would seem that the public have as much interest, if not more, in the duty of an officer not to colorably exercise the powers with which he is clothed, as not to use unnecessary violence, where he is otherwise clearly within the duties of

his office. It is by virtue of the office he holds that he may exercise its duties to the injury of another. It is not probable that any individual, not an officer, would have attempted to do what the marshal is charged with doing.

"Our attention is called to the case of **Carpenter v. Sloane, 20 Ohio, 327,** as practically determining this one. A clerk and his sureties were sued on his official bond, for having issued letter to a guardian without having taken a bond. The court held that he was not liable on his bond for the reason that it was not his official duty to see that a bond had been given. Manifestly the case has no application here.

"However the law may be in some of the other states, in this, and many of the others, **where an officer acting under color of his official duties, commits a wrong to the injury of another, he, with his sureties, is liable on his bond to the party injured.** The wrongful making of an arrest by an officer **colore officii** is an unfaithful discharge of his duties, and therefore a breach of his bond.

"**Judgment reversed and cause remanded for further proceedings.**" (Emphasis by the court.)

The emphasized portions of the above quoted opinion, as emphasized by this Court, indicate reasoning of the Supreme Court in that case which this Court deems applicable to the case at bar and to which this Court should subscribe in disposing of Defendants' demurrer herein.

A case more directly in point with each of the issues raised by Defendants' demurrer herein appears to be Gravell v. Speakman, 8 O. N. P. N. S. 246, which was decided by Judge Kinkead in the Common Pleas Court of Franklin County, March 8, 1909, and of which the headnotes read as follows:

"1. A cause of action against an officer may be joined with one jointly against the officer and his surety on his official bond.

"2. The cause of action against the officer is the subject of the action, and the joint cause of action against both on the official bond is a transaction connected with the subject of action, both causes affecting all parties to the action, therefore being properly joined."

In his opinion, Judge Kinkead clearly analyses the issues and supplies the law to the facts therein with enviable precision and brevity as follows: (Gravell v. Speakman, 8 O. N. P. N. S., pages 247 and 248):

"This is an action by plaintiff for false imprisonment against a police officer.

"The defendant, the Title Guaranty & Trust Company, interposes a demurrer, **claiming that there is a misjoinder of**

parties defendant, in that the defendant, The Title Guaranty & Trust Company, is wrongfully joined with the defendant police officer, and that the separate causes of action against several defendants are improperly joined, and that the petition does not state facts sufficient to constitute a cause of action against the defendant, the Title Guaranty & Trust Company.

"It has been repeatedly held by this court that a complainant in false imprisonment may properly join the principal and surety in such cases as this in one action, and that the cause against the officer may appropriately be joined with the cause on the bond against the surety. There is occasion, however, for giving the reasons for the rule, some of which have perhaps not been given.

"The grounds for such joinder may be found in Sections 4994, 5058 and 5059.

"The causes of action in this case are not separately stated and numbered, but are run together. There are, in fact, two separate causes, one against the police officer for breach of duty, the due performance of which is guaranteed by the surety on his official bond. This cause is primarily against the officer, but it affects the surety on the bond, who is liable if there has been a breach. The surety is as much interested in resisting the liability on the cause against the officer as is the latter himself, so that it meets the requirements of Section 5059, Revised Statutes, that the causes so united must affect all parties to the action.

"The subject of the cause of action against the officer is the tort constituting breach of official duty, the wrongful act being the transaction giving rise to such cause of action.

"The first cause of action is against the officer alone; and the second is against the officer and the surety on his bond guaranteeing the official duty.

"The execution and delivery of the bond is a transaction connected with the same subject of action, which consists of the operative facts showing a breach of official duty.

"Though the cause against the officer constitutes a separate cause against him alone, still the joint cause against the principal and surety may be united by virtue of Sections 5058 and 5059, the transaction of the execution of the bond being connected with the subject of the first cause against the officer and both causes affecting both parties.

"It is claimed that there are not sufficient facts stated to constitute a cause of action on the bond against the surety; that there is no breach alleged; and that there is no allegation that the principal has failed to pay.

"A breach of official duty is alleged, and this constitutes a breach of the bond. Failure to pay the damages is not essential, since Section 4994, Revised Statutes, authorizes the action to be brought on the bond against the principal and the sureties.

"The demurrer is overruled." (Emphasis by the court.)

The emphasized portions of Judge Kinkead's opinion, as emphasized by this Court, indicate reasoning of the common pleas court in that case which this Court deems applicable to the case at bar and to which this Court should subscribe in disposing of Defendants' demurrer herein.

Comparison of the language, of the statutes referred to in Judge Kinkead's aforesaid opinion and the statutes in effect and applicable to the case at bar, is deemed appropriate to a full and complete consideration and disposition of the issues in the instant proceeding.

Section 4994, referred to in Gravell v. Speakman, supra, reads as follows:

"The rule prescribed in the preceding section may be so applied, when a person forfeits his bond, or renders his sureties liable, that any person injured thereby, or who is by law entitled to the benefit of the security, may bring an action thereon, in his own name, against the person and his sureties, to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond; and the custodian of the bond shall deliver such copy to any person claiming to be so injured, on tender of the proper fee; but the provisions of this section as to the form of the action shall not be imperative if provision is otherwise made by law; nor shall a judgment for one delinquency preclude the same or another party from an action on the same instrument for another delinquency. (51 v. 57, Nos. 566, 567; S. & C. 1123, 1124; [675].)"

Sec. 11242 GC, as in force and effect at the time of the commencement of the within action, reads as follows:

"When a person forfeits his bond, or renders his sureties liable thereon, a person injured thereby, or who is entitled to the benefit of the security, may bring an action thereon, in his own name, against the person and his sureties, to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond; and a judgment for one delinquency shall not preclude the same or another person from bringing an action on the instrument for another delinquency. (Sec. 4994 R. S.)"

The similarity of legislative purpose and intent appearing in the express terms and provisions of the above quoted sections

clearly eliminates the application of Reïdy v. Deitsch, 7 O. N. P. 620, 10 O. D. n. p. 382, cited by Defendants' memorandum in support of their demurrer herein, and clearly precludes any doubt as to the applicability of Gravell v. Speakman, 8 O. N. P. N. S. 246, to the case at bar.

Section 5058, referred to in Gravell v. Speakman, supra, reads as follows:

"The plaintiff may unite several causes of action in the same petition, whether they are such as have heretofore been denominated legal or equitable, or both, when they are included in either of the following classes:

"1. The same transaction.

"2. Transactions connected with the same subject of action.

"3. Contracts, express or implied.

"4. Injuries to person and property, or to either.

"5. Injuries to character.

"6. Claims to recover the possession of personal property, with or without damages for the withholding thereof.

"7. Claims to recover real property, with or without damages for the withholding thereof, the rents and profits of the same, and the partition thereof.

"8. Claims to foreclose a mortgage given to secure the payment of money or to enforce a specific lien for money, and to recover a personal judgment for the debt secured by such mortgage or lien.

"9. Claims against a trustee, by virtue of a contract, or by operation of law."

**Sec. 11306 GC,** as in force and effect at the time of the commencement of the within action, reads as follows:

"The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:

"1. The same transaction;

"2. Transactions connected with the same subject for action;

"3. Contracts, express or implied;

"4. Injuries to person and property, or to either;

"5. Injuries to character;

"6. Claims to recover possession of personal property, with or without damages for withholding it;

"7. Claims to recover real property, with or without damages for withholding it, its rent and profits, and the partition thereof.

"8. Claims to recover possession of real property in forcible entry and detainer, and claims for rent, with or without damages for breach of any condition of the tenancy.

"9. Claims to foreclose a mortgage given to secure the pay-

ment of money or to enforce a specific lien for money, and to recover a personal judgment for the debt secured by such mortgage or lien;

"10. Claims against a trustee by virtue of a contract, or by operation of law."

Obviously, the similarity of legislative purpose and intent appearing in the express terms and provisions of the above quoted sections precludes the necessity of further comment by this Court.

Section 5059, referred to in Gravell v. Speakman, supra, reads as follows:

"The causes of action so united must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action."

**Sec. 11307 GC,** as in force and effect at the time of the commencement of the within action, reads as follows:

"The causes of action so united must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action."

Since the language of said sections is identical, no further comment by this Court is required.

The provisions of the aforesaid §§11242, **11306** and **11307 GC,** were so construed and applied by Judge Spiegel of the Superior Court of Cincinnati, August 4, 1913, in the case of Warren v. Howard, 2 O. D. N. P. 32, wherein, according to the headnote thereof, said court held:

"Sureties of a patrolman may be joined with him in an action for damages for maliciously and unlawfully imprisoning plaintiff; a breach of duty as patrolman and execution and delivery of a bond for faithful performance are transactions connected with bond for faithful performance are transactions connected with the same subject of action within the meaning of §§11306, **11307 GC,** nor is an award of judgment against the patrolman a condition precedent to bringing an action against the sureties on his bond."

Beginning at page 33 thereof, Judge Spiegel stated in part as follows:

"Counsel for defendant, Somhorst, contends that as a condition precedent to bringing an action against the bonding company there must first be an award by way of judgment by a competent tribunal against Somhorst, and second that in an action sounding in tort the bonding company can not be made a party defendant on its bond because it can be liable only 'ex contractu.'

"These questions must be determined in the light of the statutes in force in this state. **Sec. 11242 GC** provides:

" 'When a person forfeits his bond, or renders his sureties liable thereon, a person injured thereby, or who is entitled to the benefit of the security, may bring an action thereon, in his own name, against the person and his sureties, to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond.'

"Sec. 11306 GC provides:

" 'The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:

" '1. The same transaction.'

" '2. Transactions connected with the same subject of action.'

" '3. Contracts, express or implied.'

" '4. Injuries to person and property, or to either.'

"Sec. 11307 GC provides:

" 'The causes of action so united must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action.'

"**It will be seen that the condition of the bond embraces more than the payment of a judgment, for it includes the faithful discharge and performance all and singular of the several duties pertaining to the position of patrolman in addition to the former.**

"**A breach of his duty as patrolman is alleged, and the execution and delivery of the bond is a transaction connected with the same subject of action, out of which it arises, and although the cause of action is alleged against the patrolman alone, yet both causes of action against him and the bonding company may be united by virtue of §§11306 and 11307 GC, both parties being affected by the same cause of action. Besides, under this ruling the bonding company may be represented by counsel in the prosecution of the suit against the patrolman.**

"Upon the question that in an action sounding in tort, the bonding company can not be made a party defendant on its bond, because it can be liable only 'ex contractu,' I passed while on the common pleas bench in the case of Murphy v. Cincinnati, 10 Dec. 541 (8 N. P. 106), wherein the syllabus holds:

" 'It is good pleading to unite legal and equitable causes of action or one sounding in tort and another in contract, if included in the same action, and connected with the same subject of action.'

"And which is still the law of Ohio.

"The demurrer is overruled. Entries may be made accordingly."

Again, the emphasized portions of Judge Spiegel's above quoted opinion, so emphasized by this Court, indicate reasoning of said court in that case which this Court deems applicable to the instant proceeding and to which this Court subscribes in disposing of Defendant's demurrer herein.

To the contrary, and in support of their demurrer herein filed, Defendants have cited the decision of Judge McCray of the Common Pleas Court of Montgomery County in the case of Solomon v. Allaback, 26 O. N. P. N. S. 145, wherein, according to the headnotes thereof, it was held:

"Where a charge based upon negligence is made against the principal and surety on a bond conditioned that the principal would 'honestly, faithfully, and impartially discharge the duties' of police officer; and the first cause of action asks for $5,000.00 against both principal and surety, and the second cause of action asks for $600.00 against the surety only. **Held**—

"1. That the surety is not thereby made liable for the negligence of the principal.

"2. That the separate causes of action against the several defendants are improperly joined; for the reason that the causes of action so united do not affect all the parties to the action as required by **§11307 GC**."

This Court has read and reread Judge McCray's opinion in that case in order to discover and understand the essential elements of law and fact by reason of which said court could conclude, as it did, that there were certain variances of law and fact upon which said case could be distinguished from previous decisions of other courts of equal or greater magnitude involving application of identical statutes and reasonably similar factual situations.

At page 146 (Solomon v. Allaback, 26 O. N. P. N. S.), the court states in part as follows:

"The plaintiff alleges that the condition of the bond has been broken and defendants have become liable thereon. In the prayer of the petition the plaintiff prays judgment against Herbert A. Allaback for $5000 and costs and 'further prays judgment against The Metropolitan Casualty Insurance Company in the sum of six hundred ($600) dollars and costs.'

"There is a general demurrer before us, filed by The Metropolitan Casualty Insurance Company, in which it is urged: (1) There is a misjoinder of parties defendant; (2) Several causes of action are improperly joined; (3) Separate causes of action are improperly joined; and (4) The petition does not state facts which show a cause of action against this defendant."

And, beginning at the bottom of said page 146, Judge McCray proceeds to dispose of the legal pronouncements of the Su-

preme Court of Ohio, as declared in two recognized leading cases, with the following language:

"The purposes for which bonds are required to be given by police officers are fully set forth in the language of our Supreme Court in passing upon a bond given by such an officer. In that case the officer was a city marshal, but we do not find any distinction in their respective duties. The court say in **Drolesbaugh v. Hill, 64 Oh St, 257** at **264:**

" 'They may without a warrant make an arrest on view for an offense committed in their presence, as well as on a warrant. The peace and good order of society requires that they should have such power; but the protection of the individual requires that the same should be exercised in a reasonable and prudent manner; and **to secure this,** a bond with sureties is exacted for the faithful discharge of their duties.' (Emphasis ours.)

"This language disposes of the meaning of the word 'faithful' and we have no difficulty in determining the meaning of the word 'honesty' and 'impartially;' for in neither case can the broadest stretch of imagination imply that these words can be associated with a **negligent act.**

"We are referred to the syllabus in the case of **American Guaranty Company v. McNiece, 111 Oh St, 532,** in which the Supreme Court recently said:

" 'The sureties on a bond of an officer, conditioned upon the faithful performance of his duties, are liable to all persons unlawfully injured by the **nonfeasance, misfeasance, or malfeasance** perpetrated by such officer, either by virtue of his office or under color of his office.' (Emphasis ours.)

"It is claimed that this syllabus, being the law of the case, gives a cause of action against a surety for negligence. This syllabus must be read in the light of the more recent decision of the Supreme Court in **B. & O. R. R. Co. v. Baillie, 112 Oh St 567,** in which the court say: 'The syllabus of a decision of the Supreme Court of Ohio definitely states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case.' A casual reading of the opinion in the case of American Guaranty Company v. McNiece will show at once that it was an action 'for the unlawful assaulting and shooting of plaintiff.' No claim of negligence is to be found.

"Our opinion is that the petition does not state a cause of action against this defendant; and that the demurrer should be sustained upon this ground. The first and second grounds do not appear to be well taken."

Although this Court must admit that it has been unable to

follow with assurance and to subscribe with confidence to the fine lines of distinction so drawn by Judge McCray in the Solomon case, which clearly appears to be buttressed upon whether or not a "claim of negligence is to be found" in plaintiff's petition; therefore, **this Court may, with equal logic, dispose of the issues raised by Defendants' demurrer in the case at bar by simply pointing out that no allegations of such negligence can be found in Plaintiff's petition herein.**

The absence of such alleged negligence clearly and unequivocally removes the application of Solomon v. Allaback, supra, to the case at bar and leaves Plaintiff's petition solely within the scope and application of those principles of law so clearly established and repeatedly pronounced by the vast majority and controlling decisions of our state courts at all levels.

In its decision in the case of **United States Fid. & Guar. Co. v. Green, 18 Abs 525,** decided on December 21, 1934, the Second District Court of Appeals for Franklin County, at page 526 thereof, cited the case of Gravell v. Speakman, supra, with approval in the following language:

"The case of Gravell v. Speakman et, 8 N. P., N. S., 246, contains a well considered opinion by the late Judge Kinkead, of the Franklin County Common Pleas Court. The first syllabus in this case announces the now well recognized principle that an officer may be joined with his surety in an action on the official bond. The question was raised that the petition did not negative payment. On page 248, the able jurist said that such allegations are unnecessary."

Since said appellate court is also the Court of Appeals for Fayette County, such repeated recognition and acceptance of said established legal principle, "that an officer may be joined with his surety in an action on the official bond," cannot be ignored by this Court under the facts and circumstances of record in the instant proceeding. Therefore, upon consideration of all of the law and facts hereinabove set forth and discussed, this Court finds:

1. That, in the light of the allegations contained in Plaintiff's petition herein, said police officer and surety company may be and are properly joined as parties defendant to the within action; and

2. That each and all of the grounds urged and relied on in said Defendants' demurrer herein are not well taken and should be overruled.